J-A33036-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DOMENIC A. TRICOME | |
| Appellant | No. 1581 EDA 2014 |

Appeal from the Judgment of Sentence of April 9, 2014
In the Court of Common Pleas of Montgomery County
Criminal Division at No.: CP-47-CR-0005855-2012

BEFORE:  LAZARUS, J., WECHT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY WECHT, J.:                    **FILED MARCH 20, 2015**

Domenic A. Tricome appeals *pro se* the judgment of sentence entered on April 9, 2014.  As a consequence of Tricome's pervasive non-compliance with our rules of appellate procedure, we dismiss Tricome's appeal.

On July 21, 2012, Tricome sent Ethan Barlieb, Esq., a threatening voicemail message.  At that time, Barlieb was an attorney who represented an opposing party in a civil lawsuit between Tricome and his former business partner.  Tricome's July 21, 2012 voicemail provided as follows:  "Hey you fucking coward.  I sued ya.  You're lucky I didn't put a bullet in your head.  You fucking piece of shit, pussy.  You're dead.  You're fucking dead.  You better hope that you go to jail, pussy."  Trial Court Opinion ("T.C.O."),

_____

[*]     Retired Senior Judge assigned to the Superior Court.

7/2/2014, at 2. On July 23, 2012, Barlieb contacted Detective Dirk Boughter of the Montgomery County Detective Bureau (the investigative branch of the Montgomery County District Attorney's Office), who identified Tricome as the source of the threatening message.

On July 24, 2012, Tricome was arrested and charged with terroristic threats and harassment.[1] On January 8, 2014, a jury found Tricome guilty of those offenses. At his sentencing hearing on April 9, 2014, Tricome informed the court that he wanted to represent himself both at sentencing and on appeal, and signed a written waiver-of-counsel colloquy. The trial court then sentenced Tricome to a two-year term of probation.

On April 21, 2014, Tricome timely filed a post-sentence motion, which the trial court denied on April 24, 2014.[2] On May 22, 2014, Tricome timely filed a notice of appeal. On May 28, 2014, the trial court ordered Tricome to file a concise statement of errors complained of on appeal pursuant to

---

[1] **See** 18 Pa.C.S. §§ 2706, 2709, respectively.

[2] The trial court incorrectly states that Tricome's post-sentence motion, which he filed on April 21, 2014, was untimely filed. T.C.O. at 1 n.2. Our review of the record reveals that Tricome's judgment of sentence was entered on April 9, 2014. Hence, he was required to file any post-sentence motions on or before April 19, 2014. **See** Pa.R.Crim.P. 720(A)(1) ("[A] written post-sentence motion shall be filed no later than 10 days after imposition of sentence."). However, April 19, 2014, fell on a Saturday. Accordingly, Tricome's April 21, 2014 post-sentence motion was timely filed. **See** 1 Pa.C.S. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday . . . such day shall be omitted from the computation.").

Pa.R.A.P. 1925(b) within twenty-one days. Tricome timely complied, filing a rambling statement that spanned thirteen pages and raised twenty-eight allegations of trial court error. On July 2, 2014, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).[3]

Tricome now presents five issues for our review:

1. Was the arrest legal?

2. If the arrest was legal, should a new trial be granted?

3. If a new trial is granted, should presiding Judge William Carpenter be removed?

4. If a new trial is granted, should the Montgomery County, Pennsylvania District Attorney's Office be disqualified?

5. Should a special prosecutor be appointed?

---

[3] The trial court docketed Tricome's Rule 1925(b) statement on June 20, 2014, twenty-three days after the trial court's order. Nevertheless, our Rules of Appellate Procedure provide that the filing of a concise statement "shall be complete on mailing if appellant obtains a United States Postal Service Form 3817, Certificate of Mailing, or other similar United States Postal Service form from which the date of deposit can be verified in compliance with the requirements set forth in Pa.R.A.P. 1112(c)." **See** Pa.R.A.P. 1925(b)(1). Satisfactory confirmation that Tricome mailed the statement on June 18, 2014, was attached to his Rule 1925(b) statement. Several days later, upon noting the trial court's June 20, 2014 docketing, Tricome filed a document identifying the discrepancy and attaching another tracking form that satisfied the rule. Tricome's concise statement was filed timely.

In an unpublished memorandum filed on January 12, 2015, however, we affirmed Tricome's judgment of sentence on the erroneous basis that Tricome's Rule 1925(b) statement had been untimely filed. On January 26, 2015, Tricome filed an application for reargument noting our error. On March 6, 2015, we granted panel reconsideration and withdrew our January 12, 2015, memorandum to rectify our oversight. This memorandum does so.

Brief for Tricome at 1-2.

We find that all of Tricome's issues are waived due to numerous technical and substantive defects in his appellate brief. Pennsylvania Rule of Appellate Procedure 2101 provides that, when a brief does not "conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, . . . if the defects . . . are substantial, the appeal . . . may be quashed or dismissed." Pa.R.A.P. 2101; *see Commonwealth v. Dozier*, 99 A.3d 106, 111 (Pa. Super. 2014).

First, as a structural matter, Tricome does not include a summary of his argument, as is required by Pennsylvania Rule of Appellate Procedure 2111(a)(6); *see* Pa.R.A.P. 2118 (requiring a "concise, but accurate, summary of the arguments presented").[4] Tricome also fails to comply with Rule 2115, which requires that "[t]he text of the order or other determination from which an appeal has been taken or which is otherwise sought to be reviewed shall be set forth verbatim immediately following the statement of jurisdiction." Pa.R.A.P. 2115(a).

Among several substantive deficiencies, Tricome has failed to present his statement of the case and his argument as separate and distinct sections of his brief in accordance with Rule 2111(a). Instead, Tricome collapses his statement of the case and argument sections into a single muddled and

---

[4]    In fairness, given the brevity and incoherence of Tricome's "argument," as set forth *infra*, there was not much to summarize.

conclusory paragraph. ***See*** Brief for Tricome at 2. Tricome submits an approximately 150-word diatribe in lieu of what should be the cornerstone of his appellate brief:

> This action was Defendant Tricome's first arrest, and he had very little knowledge about a criminal proceeding. Defendant Tricome was arrested, because he sued an ex-Assistant District Attorney. And, Defendant Tricome was arrested, because he contacted prosecutor District Attorney Risa Vetri-Ferman many times about problems. Public Defender Luis Ortiz stated to Defendant Tricome many times, a few in writing, that presiding Judge William Carpenter would not allow the jury to know most of the evidence and the related witnesses notated in Statement of Errors per Rule 1925(b), which is reproduced as Appendix B (App. 2 to App. 23), and the Reply to the Opinion of the Statement of Errors per Rule 1925(b), which is reproduced as Appendix D (App. 33 to App. 38). So, most of the evidence was not submitted during the trial, and the witnesses did not testify during the trial. The evidence would have led to an acquittal. Defendant Tricome was sentenced to two years['] probation. Please read the Appendices.

***Id.*** (verbatim).

Assuming that Tricome intended for this paragraph to constitute a statement of his case, he has failed to comply with Pa.R.A.P. 2117. The above language is anything but "a balanced presentation of the history of the proceedings and the respective contentions of the parties." Pa.R.A.P. 2117(b). Neither is it "[a] closely condensed chronological statement, in narrative form, of all the facts which are necessary to be known in order to determine the points in controversy." Pa.R.A.P. 2117(a)(4). Finally, Tricome also fails to direct us to "the place in

the record where the evidence substantiating [his assertions] may be found." Pa.R.A.P. 2117(a)(4).[5]

To the extent that Tricome intended for the above passage to serve as his argument, it is self-evidently deficient. Tricome's conclusory paragraph contains no coherent legal argument and does not address in any detail the issues that he purports to raise on appeal (*i.e.*, the legality of his arrest, the disqualification of the Montgomery County District Attorney's office, and the appointment of a special prosecutor). Furthermore, Tricome does not divide his argument into as many sections as there are questions presented, with each section corresponding to one question. *See* Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part . . . the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.").

Tricome's most egregious error, however, is his complete failure to include any citations to the certified record or to any pertinent legal authorities. Tricome endeavors to supplement his cursory effort by incorporating into his argument section two additional documents, which he attaches to his brief. Brief for Tricome at 2 ("Please read the Appendices.").

---

[5] In this regard, many of Tricome's assertions appear to rely upon facts entirely outside of the record, which we cannot consider. *See* *Commonwealth v. Rios*, 684 A.2d 1025, 1035 (Pa. 1996); Pa.R.A.P. 1921, note.

The first of these documents, Tricome's Rule 1925(b) statement, consists of a rambling narrative filled with self-serving allegations of conspiracy and collusion by various government officials. Also appended to Tricome's brief and purportedly incorporated therein in lieu of argument is his "Reply to July 2, 2014 Order,"[6] which we are prohibited from considering because it is neither docketed in the trial court nor contained within the certified record. *See Commonwealth v. Preston*, 904 A.2d 1, 6 (Pa. Super. 2006) ("[A]n appellate court is limited to considering only the materials in the certified record when resolving an issue."). More importantly, this Court and our Supreme Court have held with absolute clarity that presenting an issue via "incorporation by reference" is "unacceptable," because "[t]he allowance of incorporation by reference would enable wholesale circumvention of our appellate rules which set forth the fundamental requirements every appellate brief must meet." *Commonwealth v. Veon*, 1698 MDA 2012, 2168 MDA 2012, ___ A.3d _____, 2015 WL 500887, at *15 (Pa. Super. Feb. 6, 2015) (internal quotation marks omitted). Indeed, this violation alone

---

[6] The "order" to which this refers in fact is the trial court's Rule 1925(a) opinion. Notably, because Tricome's appeal was pending when Tricome submitted this "reply," the trial court lacked jurisdiction to address Tricome's filing or otherwise act in this matter.

- 7 -

has been held to warrant waiver of any issue that an appellant purports to argue by reference to other judicial submissions. **Id.**[7]

While this Court may overlook minor defects or omissions in an appellant's brief, we will not act as his or her appellate counsel. To facilitate expeditious and orderly appellate review, our rules require an appellant to provide in the argument section of his or her brief "such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). Failure to do so results in waiver. **Commonwealth v. B.D.G.**, 959 A.2d 362, 371-72 (Pa. Super. 2008) ("When an appellant fails to develop his issue in an argument and fails to cite any legal authority, the issue is waived."); **see also** Pa.R.A.P. 2101 ("[I]f the defects in the brief . . . are substantial, the appeal . . . may be quashed or dismissed.").

> Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

**In re Ullman**, 995 A.2d 1207, 1211-12 (Pa. Super. 2010) (some citations omitted).

---

[7] In any event, the appendices Tricome would have us consult to save him the effort of preparing an appropriate substantive argument suffer from the same deficiencies as the rest of his brief because they contain no coherent legal argument or citation to the record or pertinent legal authority.

It should come as no surprise to Tricome that our Rules of Appellate Procedure license us to dismiss or quash an appeal when the defects of an appellant's brief are substantial. On two recent occasions we have done precisely that to Tricome's appeals in other matters. **See Tricome v. Automattic, Inc.**, No. 2370 EDA 2012 (Pa. Super. March 26, 2013) (quashing Tricome's appeal due to the substantial deficiencies in his *pro se* appellate brief); **Tricome v. Welch**, 2380 EDA 2010, slip op. at 2 (Pa. Super. July 6, 2011) ("Appellant's brief evidences almost a complete failure to abide by the Pennsylvania Rules of Appellate Procedure," as a result of which "we are unable to conduct meaningful review." (citation and internal quotation marks omitted)). And in his most recent appearance before this Court, although we briefly reviewed the issues presented, we again noted Tricome's failure to comply substantially with the rules governing the presentation of argument before this Court. **See Tricome v. LaRiviere**, No. 3161 EDA 2013 (Pa. Super. Aug. 27, 2014).

Notwithstanding our prior admonitions and adverse rulings in other matters, Tricome once again has failed to present his case to this Court in a manner sufficient to enable effective appellate review. Because the inadequacies in Tricome's brief prevent us from ascertaining whether there is any possible merit to his appeal, we find all of Tricome's issues to be waived.

*See* Pa.R.A.P. 2101 ("[I]f the defects in the brief . . . are substantial, the appeal . . . may be quashed or dismissed.").[8]

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/20/2015

---

[8] Tricome's generally quixotic campaign against various perceived injustices is impressive, as is the umbrage and animus his litigiousness reflects. As this case amply demonstrates, having unsuccessfully sought redress in the form of civil remedies, *see Tricome v. Chunias*, 134 S.Ct. 619 (2013) (denying Tricome's petition for writ of *certiorari*); *Tricome v. McLaughlin*, 132 S.Ct. 404 (2011) (same); *Tricome v. ebay, Inc.*, 131 S.Ct. 529 (2010) (same), Tricome evidently has graduated to bald threats of grievous, even lethal harm. Already having been convicted in the instant matter of terroristic threats, Tricome now has turned his ire toward this Court. Specifically, in the petition for reargument that prompted our reconsideration in this matter, Tricome brazenly promises that he "will take the lawsuits as far as possible. If the judicial system continues to fail, [he] will be forced (allowed) to take matters 'into his own hands.' Please do not let it get that far." Petition for Reargument, 1/26/2015, at 3. Aside from the fact that his conviction makes clear that Tricome already has attempted to "take matters into his own hands," this Court might well interpret this as a direct threat. At a minimum, it suggests an ultimatum crafted to manipulate this Court into issuing a favorable ruling. The former, of course, would be profoundly improper, and a matter that this Court would take most seriously. The latter merely is foolhardy and ineffectual. In any event, we merely respond that, if Tricome insists upon flouting our rules of procedure in case after case, we will continue to quash or dismiss appeal after appeal.

- 10 -