### In re M. Robert ULLMAN.

### Appeal of M. Robert Ullman.

Superior Court of Pennsylvania.

Argued Feb. 23, 2010.
Filed April 30, 2010.
Reargument Denied July 13, 2010.

14. The records in dispute are not included in the certified record.

M. Robert Ullman, appellant, Pro Se.

Leo Breznik, Assistant District Attorney, Shenandoah, for Goodman, appellee.

BEFORE: GANTMAN, ALLEN, and LAZARUS, JJ.

OPINION BY GANTMAN, J.:

¶ 1 Appellant, M. Robert Ullman, appeals *pro se* from the order entered in the Schuylkill County Court of Common Pleas, which denied and dismissed Appellant's petition for approval of his private criminal complaint. We affirm.

¶ 2 The trial court opinion sets forth the relevant facts and procedural history of the appeal as follows:

> The matter before the [c]ourt is the Petitioners', Canoe Manufacturing Company ("Canoe") and [Appellant],[1] Petition for Court Review in Accordance with Rule 506(B)(2) of the Pennsylvania Rules of Criminal Procedure (Approval of Private Complaint). They have attached documentation to their Petition. They have also filed what they term a first supplement to their Petition. Their Petition is filed against Joseph H. Jones, Esq. ("Jones") and Williamson, Friedberg and Jones ("WFJ") as Respondents.

> Canoe and [Appellant] had requested the Schuylkill County District Attorney to approve a private criminal complaint against Jones and WFJ and had submitted documentation to the District Attorney in support of their request. The District Attorney, after review of the same, did not approve the filing of a criminal complaint because, according to the [Canoe and Appellant], he found no evidence of criminal wrongdoing after reviewing the information provided to him. This Petition was then filed to review the decision of the District Attorney.

> Canoe and [Appellant] argue that the documentation they have submitted to the [c]ourt would support a charge of Perjury against Jones and WFJ. They argue that statements, which they attribute to Jones and WFJ, made in legal arguments in a bankruptcy and a civil proceeding were false. They argue that these statements were that a bankruptcy claim of [Appellant] and Canoe against Jones was not abandoned by the Bankruptcy Trustee but remained a part of the bankrupt[cy] estate, that estate involving Canoe and [Appellant], and therefore when the Bankruptcy proceedings were concluded that claim was ended. These statements, [Appellant] and Canoe maintain, were false because the documentation shows that these claims of [Appellant] and Canoe were in fact abandoned by the Trustee; therefore, they, in essence, were returned to the Bankrupts, and they could proceed on their own to attempt to recover them outside the bankruptcy estate. [Appellant] and Canoe did file a civil suit in this [c]ourt based on those claims but the suit was dismissed by the Honorable C. Palmer Dolbin, on a motion for summary judgment. His decision was based on the fact that the claims had been discharged and ended when the bankruptcy was concluded.[2]

(Trial Court Opinion, filed May 8, 2009, at 1–3). By opinion and order filed May 8, 2009, the court denied and dismissed Ap-

---

1. Appellant was the President of Canoe Manufacturing Company and is the sole Appellant before this Court.

2. On appeal, this Court initially remanded the case for further proceedings. *See Canoe v. Jones,* 849 A.2d 600 (Pa.Super.2004), *appeal denied,* 580 Pa. 693, 860 A.2d 121 (2004). After disposition on remand, Appellant again filed a notice of appeal docketed at No. 302 MDA 2006, which was subsequently quashed by *per curiam* order dated April 12, 2006. The Supreme Court denied allowance of appeal on November 1, 2006. *See Canoe Mfg. Co., Inc. v. Jones,* 589 Pa. 736, 909 A.2d 1288 (2006). Appellant initiated the instant private criminal complaint on November 4, 2008.

pellant's petition for approval of his private criminal complaint. The court also denied Appellant's motion for reconsideration on May 26, 2009. On June 3, 2009, Appellant timely filed the instant appeal along with a preemptive concise statement of matters complained of on appeal, pursuant to Pa. R.A.P. 1925(b).

¶ 3 On June 23, 2009, and June 30, 2009, Appellant began his lengthy campaign for special assistance in this Court, with his first and second applications for relief in the form of requests to modify the record by accepting "important documents." Appellant also filed an application for an evidentiary hearing. On August 3, 2009, Appellant filed an application for relief in the form of a request to instruct the District Attorney to issue a search warrant. On August 3, 2009, Appellant filed three more applications for relief. In response, this Court addressed all applications as denied or denied without prejudice to seek relief in the trial court. Notwithstanding that order, Appellant continued to file another application for relief on August 24, 2009, August 28, 2009 (deemed by this Court to be only a courtesy copy requiring no order), and August 31, 2009. By order entered September 15, 2009, this Court denied all of Appellant's outstanding applications for relief and applications for reconsideration. On September 28, 2009, Appellant filed another application for reconsideration of this Court's September 15, 2009 order, which this Court denied by order entered September 30, 2009.

¶ 4 On October 27, 2009, Appellant began another round of applications for relief, including one filed on that date, and one filed on November 17, 2009, both of which this Court denied by order filed November 19, 2009. On December 4, 2009, Appellant filed another application for relief "to accept a recently discovered letter that was not included in the November 4, 2008 criminal complaint." This application was deferred to the panel assigned to the appeal.

¶ 5 Commencing on January 19, 2010, Appellant began his third sequence of applications for relief. The January 19th application (to include the November 4, 2008 private criminal complaint and a current docket in the record) was followed by another application filed on January 29, 2010 (petition to include certain documents in the record), two applications filed on February 3, 2010 (petition to accept a copy of the 252–page criminal complaint; motion to compel the record to include certain documents), one application filed on February 26, 2010 (application to correct a fundamental error in the appeal on a point of law/new evidence on statute of limitations with supplements filed March 4 and March 8, 2010), two applications filed in March 2010 (motion to accept prevailing law; motion to recognize violation of Pa. R.A.P. 302), and two applications filed in April 2010 (verification of charges; motion to accept). The outstanding applications/motions from December 4, 2009 until the latest filed on April 19, 2010, are now denied as moot, incomprehensible, or otherwise impermissible under the applicable rules.

¶ 6 As to the merits of Appellant's appeal, preliminarily we observe:

[A]ppellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. *Id.; Commonwealth v. Lyons,* 833 A.2d 245 (Pa.Super.2003). Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro*

*se* status confers no special benefit upon the appellant. *Id.* at 252. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing. *Commonwealth v. Rivera,* 454 Pa.Super. 451, 685 A.2d 1011 (1996). The Pennsylvania Rules of Appellate Procedure provide guidelines regarding the required content of an appellate brief as follows:

**Rule 2111. Brief of the Appellant**

**(a) General Rule.** The brief of the appellant, except as otherwise prescribed by these rules, **shall** consist of the following matters, separately and distinctly entitled and in the following order:

(1) Statement of jurisdiction.

(2) [Order or other determination in question.]

(3) [Statement of both the scope of review and the standard of review.]

(4) Statement of the question involved.

(5) Statement of the case.

(6) Summary of the argument.

(7) Argument for the appellant.

(8) A short conclusion stating the precise relief sought.

(9) The opinions and pleadings specified in Subdivisions (b) and (c) of this rule.

(10) In the Superior Court, a copy of the statement of the matters complained of on appeal filed with the trial court pursuant to Rule 1925(b), or an averment that no order requiring a Rule 1925(b) statement was entered.

Pa.R.A.P. 2111(a)(1)–(10) (emphasis added). Additionally, Rules 2114 through 2119 specify in greater detail the materi-al to be included in briefs on appeal. *See* Pa.R.A.P. 2114–2119.

*Commonwealth v. Adams,* 882 A.2d 496, 497–98 (Pa.Super.2005).

¶ 7 Instantly, Appellant is *pro se* on appeal. Appellant's brief falls well below the standard delineated in the Rules of Appellate Procedure. Specifically, Appellant fails to present a coherent statement of questions involved. *See* Pa.R.A.P. 2116. The argument consists of a string of general statements referencing Appellant's version of the facts and matters unrelated to the issue on appeal. *See* Pa.R.A.P. 2119(a). Even if we liberally construe the materials Appellant filed, the nearly unintelligible brief and lack of cogent legal argument hampers our ability to conduct meaningful appellate review. On this basis alone, we could suppress Appellant's brief and dismiss the appeal. See *Adams, supra;* Pa.R.A.P. 2101.

 ¶ 8 In all fairness to Appellant, the one cognizable claim we are able to glean from his brief is:

SHOULD THE SUPERIOR COURT REVERSE THE DECISION OF THE TRIAL COURT IN CASE NO. CP–54–MD–0000362 AND ORDER A FULL REVIEW OF THE CRIMINAL COMPLAINT BY AN OFFICER OF THE COMMONWEALTH WHO IS NOT LOCATED IN SCHUYKILL COUNTY, PENNSYLVANIA? (A CHANGE IN VENUE).

(Appellant's Brief at B3).

¶ 9 As best we can determine, Appellant argues the District Attorney failed to consult a "bankruptcy expert" in his investigation of the perjury complaint. Appellant maintains only a bankruptcy expert could properly evaluate the complaint because the foundation of the perjury complaint involved the question of whether a legal claim was "abandoned" by the bankruptcy

trustee. Appellant complains he cannot find a crucial brief filed by the named defendants on May 14, 1993, during the bankruptcy proceedings and has lost his copy. Appellant contends this missing brief contains statements inconsistent with the named defendants' argument in a brief filed on May 12, 2005, during a civil proceeding where the named defendants ultimately prevailed. Appellant believes "someone" intentionally removed the document from the bankruptcy record to obstruct justice. Appellant questions the good faith of the District Attorney's investigation of Appellant's private criminal complaint and whether the District Attorney attempted to locate documents during the investigation to support Appellant's complaint.

¶ 10 Appellant further asserts the trial court had an insufficient basis to affirm the District Attorney's decision to disapprove Appellant's private criminal complaint because the District Attorney failed to properly detail his investigation and the reasons why he declined to prosecute. Appellant concludes he is the victim of a conspiracy to deprive him of his constitutional due process rights, and the trial court's order denying approval of Appellant's private criminal complaint should be reversed. We disagree.

■ ¶ 11 Our examination of a trial court's review of the District Attorney's decision to disapprove a private criminal complaint implicates the following:

[W]hen the district attorney disapproves a private criminal complaint solely on the basis of legal conclusions, the trial court undertakes *de novo* review of the matter. Thereafter, the appellate court will review the trial court's decision for an error of law. As with all questions of law, the appellate standard of review is *de novo* and the appellate scope of review is plenary.

\* \* \*

■ [W]hen the district attorney disapproves a private criminal complaint on wholly policy considerations, or on a hybrid of legal and policy considerations, the trial court's standard of review of the district attorney's decision is abuse of discretion. This deferential standard recognizes the limitations on judicial power to interfere with the district attorney's discretion in these kinds of decisions.

*In re Private Criminal Complaint of Wilson,* 879 A.2d 199, 214–15 (Pa.Super.2005) (en banc) (internal citations omitted).

■ ¶ 12 A private criminal complaint must at the outset set forth a *prima facie* case of criminal conduct. *In re Private Complaint of Adams,* 764 A.2d 577 (Pa.Super.2000). Nevertheless, even "a well-crafted private criminal complaint cannot be the end of the inquiry for the prosecutor." *Id.* at 580. The district attorney must investigate the allegations of the complaint to permit a proper decision whether to approve or disapprove the complaint. *Commonwealth v. Muroski,* 352 Pa.Super. 15, 506 A.2d 1312 (1986) (en banc). "[S]uch investigation is not necessary where the allegations of criminal conduct in the complaint are unsupported by factual averments. Both the district attorney and the trial court have a responsibility to prevent the misuse of judicial and prosecutorial resources in the pursuit of futile prosecutions." *Id.* at 1317.

■ ¶ 13 Moreover,

[E]ven if the facts recited in the complaint make out a *prima facie* case, the district attorney cannot blindly bring charges, particularly where an investigation may cause him to question their validity. Forcing the prosecutor to

bring charges in every instance where a complaint sets out a *prima facie* case would compel the district attorney to bring cases he suspects, or has concluded *via* investigation, are meritless. The public prosecutor is duty bound to bring only those cases that are appropriate for prosecution. This duty continues throughout a criminal proceeding and obligates the district attorney to withdraw charges when he concludes, after investigation, that the prosecution lacks a legal basis.

*In re Private Criminal Complaint of Wilson, supra* at 212 (citing *Muroski, supra*).

The district attorney is permitted to exercise sound discretion to refrain from proceeding in a criminal case whenever he, in good faith, thinks that the prosecution would not serve the best interests of the state. This decision not to prosecute may be implemented by the district attorney's refusal to approve the private criminal complaint at the outset.

*Commonwealth v. Malloy,* 304 Pa.Super. 297, 450 A.2d 689, 692 (1982). When the district attorney disapproves a private criminal complaint, based on the sufficiency of the evidence necessary to establish the elements of the crime charged, that decision is a legal conclusion subject to *de novo* review. *See Commonwealth ex rel. Guarrasi v. Carroll,* 979 A.2d 383, 385 (Pa.Super.2009) (stating district attorney's disapproval of private criminal complaint due to lack of evidence to prove elements of crimes charged constitutes legal conclusion subject to *de novo* review).

¶ 14 Rule 506 of the Pennsylvania Rules of Criminal Procedure governs review of private criminal complaints as follows:

**Rule 506. Approval of Private Complaints**

(A) When the affiant is not a law enforcement officer, the complaint shall be submitted to an attorney for the Commonwealth, who shall approve or disapprove it without unreasonable delay.

(B) If the attorney for the Commonwealth:

(1) approves the complaint, the attorney shall indicate this decision on the complaint form and transmit it to the issuing authority;

(2) disapproves the complaint, the attorney shall state the reasons on the complaint form and return it to the affiant. Thereafter, the affiant may petition the court of common pleas for review of the decision.

Pa.R.Crim.P. 506. If the district attorney disapproves a private criminal complaint, the complainant can petition the Court of Common Pleas for a Rule 506 review. *In re Private Complaint of Adams, supra* at 579.

The trial court must first correctly identify the nature of the district attorney's reason(s) for denying a private criminal complaint. . . .

\* \* \*

Under Rule 506 and settled case law, the private criminal complainant has no right to an evidentiary hearing in connection with the trial court's review of the district attorney's decision to disapprove the private criminal complaint. Rule 506 merely allows the private criminal complainant the opportunity to have his complaint reviewed in the Court of Common Pleas, following the district attorney's adverse decision.

*In re Private Criminal Complaint of Wilson, supra* at 212–13 (internal citations omitted).

¶ 15 The Pennsylvania Crimes Code describes perjury as follows:

**§ 4902. Perjury**

(a) **Offense defined.**—A person is guilty of perjury, a felony of the third

degree, if in any official proceeding he makes a false statement under oath or equivalent affirmation, or swears or affirms the truth of a statement previously made, when the statement is material and he does not believe it to be true.

**(b) Materiality.**—Falsification is material, regardless of the admissibility of the statement under rules of evidence, if it could have affected the course or outcome of the proceeding. It is no defense that the declarant mistakenly believed the falsification to be immaterial. Whether a falsification is material in a given factual situation is a question of law.

**(c) Irregularities no defense.**—It is not a defense to prosecution under this section that the oath or affirmation was administered or taken in an irregular manner or that the declarant was not competent to make the statement. A document purporting to be made upon oath or affirmation at any time when the actor presents it as being so verified shall be deemed to have been duly sworn or affirmed.

**(d) Retraction.**—No person shall be guilty of an offense under this section if he retracted the falsification in the course of the proceeding in which it was made before it became manifest that the falsification was or would be exposed and before the falsification substantially affected the proceeding.

**(e) Inconsistent statements.**—Where the defendant made inconsistent statements under oath or equivalent affirmation, both having been made within the period of the statute of limitations, the prosecution may proceed by setting forth the inconsistent statements in a single count alleging in the alternative that one or the other was false and not believed by the defendant. In such case it shall not be necessary for the prosecution to prove which statement was false but only that one or the other was false and not believed by the defendant to be true.

**(f) Corroboration.**—In any prosecution under this section, except under subsection (e) of this section, falsity of a statement may not be established by the uncorroborated testimony of a single witness.

18 Pa.C.S.A. § 4902. "The general purpose of this section is to define the various situations in which lying constitutes a felony. The essential elements of the offense are (1) oath or affirmation; (2) materiality of the lie; and (3) requirement that the lie be told in an official proceeding involving a hearing. If there is no oath or affirmation, the falsification can only be a misdemeanor. . . ." 18 Pa.C.S.A. § 4902 Comment.

 ¶ 16 Subsection (f) has generated explanatory and relevant case law which states corroboration of perjury still requires two witnesses or one witness and circumstantial evidence to support the witness. *See Commonwealth v. Johnson,* 534 Pa. 51, 626 A.2d 514 (1993). In the event of one witness and circumstantial evidence, the circumstantial evidence "must fit together so tightly as to preclude any reasonable doubt of guilt." *Id.* at 54, 626 A.2d at 515. Prosecution under subsection (e) for perjury involving inconsistent statements made under oath or equivalent affirmation, however, does not require corroboration:

[W]here . . . there is proof that the defendant made two contradictory statements under oath. When such conflicting statements are made there is no doubt that the person making them has committed perjury for he establishes it, but the difficulty is as to which of the two statements is the false one. In such case, the problem is reduced to one of determining whether there is **some** com-

petent evidence from which the jury might find that the perjury was committed on the occasion charged in the indictment. The evidence necessary to identify the perjured statement may be direct or circumstantial but it must be competent.

*Commonwealth v. Russo,* 177 Pa.Super. 470, 111 A.2d 359, 364 (1955).

¶ 17 Instantly, the trial court reasoned as follows:

The [c]ourt has reviewed the relevant record and finds, regardless of the issue of abandonment or no abandonment, (the record before the [c]ourt is not completely clear whether the claims against Jones and WFJ were abandoned …) the documentation and averments of [Canoe and Appellant] do not sufficiently make out a case of Perjury charges against Jones or WFJ. Perjury concerns statements that are made in an official proceeding and under oath which are materially false to the matter of the official proceeding. The specific statutory section reads: A person is guilty of perjury, a felony of the third degree, if in any official proceeding, he makes a false statement under oath or equivalent affirmation, or swears or affirms the truth of a statement previously made, when the statement is material and he does not believe it to be true. There is not even an allegation here that any of the statements were made under oath in an official proceeding where testimony was being taken. The statements were written in a legal brief that, to the [c]ourt's review, was not even prepared or signed by Jones or WFJ. Further, as noted, even the documentation submitted by [Canoe and Appellant] in part indicates that the claims against Jones had not been abandoned by the Trustee. The District Attorney, under these circumstances and based on the documen-

tation, was in no way remiss in not approving a perjury complaint here. Although the [c]ourt is empowered to review the decision of the District Attorney pursuant to Pa.R.Crim.P. 506(B)(2), the [c]ourt is bound to uphold his decision if insufficient facts are alleged to support the issuance of criminal charges. If a prosecutor's decision to disapprove a private criminal complaint was based on a legal evaluation of the sufficiency of the complaint, then the trial court must undertake a *de novo* review of the complaint to ascertain whether it establishes a *prima facie* cause of action. The [c]ourt finds that [Canoe and Appellant's] Complaint and attachments do not establish a *prima facie* case of Perjury.

Canoe and [Appellant] also argue that the District Attorney did not adequately state the reason for his rejection of the complaint. The [c]ourt disagrees. The District Attorney specifically stated that his office found no evidence of criminal wrongdoing after reviewing the information [provided by Canoe and Appellant].

(Trial Court Opinion at 3–4) (some internal citations omitted). We agree.

¶ 18 In disapproving Appellant's private criminal complaint the District Attorney found no evidence of criminal wrongdoing in the information Appellant provided. The certified record makes clear the trial court correctly reviewed the District Attorney's decision under the *de novo* standard, where the District Attorney's disapproval was based on a legal evaluation of the evidence. See *Carroll, supra.* Following its *de novo* review, the court found Appellant had failed to articulate sufficient facts to establish a *prima facie* case of perjury. *See* 18 Pa.C.S.A. § 4902. After an independent review of the certified record in this case, we accept the trial court's

assessment and see no error in that decision.

¶ 19 Here, Appellant submitted a voluminous complaint (with attachments), largely based on uncorroborated allegations and incompetent evidence. With respect to the required contents of criminal complaints generally, Appellant's filing contained accusations expressed as conclusions of law, without sufficient facts to advise the defendants of the nature of the offense(s) charged. Instead, the complaint was drafted as a series of disjointed facts and assertions, devoid of continuity or rationale. In many instances, Appellant referenced time periods in vague or generalized terms and included purportedly quoted material, without identifying the speakers. In short, Appellant's complaint failed to conform to the applicable rule concerning private criminal complaints. *See* Pa.R.Crim.P. 504 (setting forth required contents of criminal complaints).

¶ 20 Moreover, Appellant's complaint lacked specifics on the essential elements of the purported offense(s) alleged: (1) oath or affirmation; (2) materiality of the lie; and (3) requirement that the lie be told in an official proceeding involving a hearing. *See* 18 Pa.C.S.A. § 4902. Further, the associated exhibits do not lend clarity or competency to Appellant's accusations. *See id.; Johnson, supra; Russo, supra.* Therefore, applying the appropriate appellate standard of review, we conclude Appellant failed to show the trial court committed an error of law when it denied and dismissed Appellant's petition for approval of his private criminal complaint. *See In re Private Criminal Complaint of Wilson, supra.* Accordingly, we affirm.

¶ 21 Order affirmed.