J-S62023-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| J.N.B., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| E.R., | |
| Appellant | No. 2409 EDA 2013 |

Appeal from the Order Entered July 30, 2013
In the Court of Common Pleas of Lehigh County
Civil Division at No(s): 2013-PF-0376

BEFORE:  ALLEN, OLSON AND OTT, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED DECEMBER 10, 2014**

Appellant, E.R.,[1] appeals from the order entered on July 30, 2013. Upon careful consideration, we affirm.

We briefly summarize the facts and procedural history of this case as follows.  J.N.B. (hereinafter "the victim") filed a petition for a protection from abuse ("PFA") order against Appellant pursuant to the PFA Act, 23 Pa.C.S.A. § 6101 *et seq*.  On June 13, 2013, the trial court entered a stipulated PFA order granting the victim a PFA for a period of six months.  On June 24, 2013, Appellant filed a motion to strike the stipulated PFA order, which the trial court granted.  Thereafter, on July 30, 2013, the trial court held a hearing on the PFA petition and entered a final PFA order prohibiting

---

[1] We have substituted initials for the parties' names to protect the identity of the victim.

Appellant from contact with the victim for a period of three years. This timely appeal followed.[2]

On appeal, Appellant presents the following issues for our review:

1. Whether the trial court committed an error of law and/or an abuse of discretion in precluding [Appellant] from cross-examining [the victim] and her one (1) witness thus violating [Appellant's] procedural due process rights to a fair hearing pursuant to 23 Pa.C.S. § 6107(a)?

2. Whether the trial court committed an error of law in granting the requested final PFA [order] given that [the victim] failed to adduce sufficient evidence during the evidentiary hearing that established by a preponderance of the evidence the elements necessary to prove her case of abuse for a final PFA order?

3. Whether the trial court committed an error of law and/or an abuse of discretion in granting the final PFA [order] given that the weight of the evidence fails to sustain the trial court's factual determinations necessary to prove [the victim's] petition for a final [PFA order] by a preponderance of the evidence?

Appellant's Brief at 4 (complete capitalization and suggested answers omitted).

In his first issue presented, Appellant claims that on the day of the final PFA hearing, the trial court granted J.N.B.'s oral motion to preclude Appellant's counsel from representing him due to a conflict of interest. *Id.*

_____

[2] On August 14, 2013, Appellant filed a notice of appeal. The trial court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on September 10, 2013.

at 5. Appellant decided to proceed *pro se* at the final PFA hearing. ***Id.*** Appellant claims that he was not permitted to cross-examine the victim and the victim's sole witness, while counsel for the victim cross-examined Appellant and his witnesses. ***Id.*** at 9.

We are constrained to find this issue waived, because Appellant did not contemporaneously object at trial. ***Commonwealth v. May***, 887 A.2d 750, 758 (Pa. 2005), *citing* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Here, Appellant did not object to the trial court's alleged error at the PFA hearing and, thus, he cannot raise the issue for the first time before this Court. It is highly probable that Appellant's *pro se* status led to his failure to raise an appropriate objection at the PFA hearing.[3] This Court has consistently held that "*pro se* status confers no special benefit upon [a litigant]." ***In re***

_____

[3] The facts do not suggest that the trial court proceeded hastily to a hearing on the merits of the victim's PFA petition after granting her request to disqualify Appellant's counsel because of a conflict of interest. After granting the victim's request to disqualify counsel, the trial court recessed the proceedings to allow Appellant time to consider whether he wished to proceed without counsel. Appellant does not allege a procedural due process violation stemming from these events nor does he raise any claim of error on the part of the trial court in granting the motion to disqualify his counsel. We also note that, "there is no legislatively created right to court-appointed counsel in [PFA] proceedings. Rather, the [PFA] only requires that the court advise a defendant of the right to be represented at the hearing by counsel." ***Varner v. Holley***, 854 A.2d 520, 523 (Pa. Super. 2004), *citing* 23 Pa.C.S.A. § 6107(a). Instead, Appellant's claim emerges solely from the trial court's failure to permit cross-examination, which we find waived in the absence of a timely objection.

*Ullman*, 995 A.2d 1207, 1211-1212 (Pa. Super. 2010). "To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." *Id.* at 1212. Based upon the foregoing, Appellant waived his first issue as presented.

Next, Appellant argues that the trial court erred in granting a final PFA order because the victim failed to adduce sufficient evidence to support the finding. Appellant's Brief at 10-12. More particularly, Appellant claims that the victim's "allegations [were] very unspecific as to when or where or sometimes even who [was] alleged to be abused." *Id.* at 10. Appellant claims that the evidence suggested that the victim seemed more concerned about what could occur than on incidents that actually occurred. *Id.* at 11. Appellant claims that the victim's other witness lacked personal knowledge about allegations of abuse. *Id.* at 11-12. Appellant asserts that the victim fabricated allegations of abuse "as retaliation for him being a witness against her in [,a separate,] NYC gun-toting matter." *Id.* at 12.

Our standard of review is as follows:

> When a claim is presented on appeal that the evidence is not sufficient to support an order of protection from abuse, we review the evidence in the light most favorable to the petitioner and grant[] her the benefit of all reasonable inferences, [in determining] whether the evidence was sufficient to sustain the trial court's conclusion by a preponderance of the evidence. This Court defers to the credibility determinations of the trial court as to witnesses who appeared before it. Furthermore, the preponderance of the evidence is defined as the greater weight of the

evidence, *i.e.,* to tip a scale slightly is the criteria or requirement for preponderance of the evidence.

***Ferko-Fox v. Fox***, 68 A.3d 917, 926-927 (Pa. Super. 2013) (citation and brackets omitted).

Here, the trial court determined:

> Under the [PFA] Act, 23 P.S. § 6101 *et. seq.*, the victim must show [she is] a "family or household member" and that [she has] suffered "abuse" from the [d]efendant, as defined by the Act. A "family or household member" has several possible [interpretations] but the [trial c]ourt focused on "…persons who share biological parenthood" because that is what [the victim] alleged in her [p]etition. 23 P.S. § 6102. The definition of "abuse" under the Act applicable to this case is, "(2) [p]lacing another in reasonable fear of imminent serious bodily injury" and "(5) [k]nowingly engaging in a course of conduct or repeatedly committing acts toward another person, including following the person, without proper authority, under circumstances which place the person in reasonable fear of bodily injury." 23 P.S. § 6102. At the hearing held on July 30, 2013, pursuant to 23 P.S. § 2107, [the victim] testified that [Appellant] was a long-time boyfriend and the father of [her] child. [The victim] also testified that [Appellant] had pushed her into walls, stalked her, and verbally abused her over the course of their relationship. [The victim] also stated that she felt fear because of these actions coupled with [Appellant's] training and teaching of courses in self-defense and other law enforcement tactics. [The victim] also testified [Appellant] is armed with a weapon twenty-four (24) hours a day. At the conclusion of the hearing, [the trial c]ourt made a determination that the [victim's] testimony was credible and that it is not uncommon for a woman to be abused in this way for years before coming forward with the allegations.

Trial Court Opinion, 9/10/2013, at 1-2 (parenthetical omitted).

We have carefully reviewed the certified record, the applicable law, the parties' briefs, and the trial court's opinion in this matter. Based upon the

foregoing standard of review, we conclude the trial court's issuance of a final PFA was proper and there has been no error or abuse of discretion in this case.

Finally, Appellant claims that the trial court's issuance of a final PFA order was against the weight of the evidence. Appellant's Brief at 13-14. Appellant failed to cite to any pertinent legal authority in support of this claim, in violation of Pa.R.A.P. Rule 2119(a). "We have repeatedly held that failure to develop an argument with citation to, and analysis of, relevant authority waives the issue on review." *Commonwealth v. Plante*, 914 A.2d 916, 924 (Pa. Super. 2006) (citation omitted). Thus, Appellant has waived his final appellate claim. Moreover, even if not waived, as set forth above, the trial court based its discretion on the evidence presented and it found the victim to be credible. Trial Court Opinion, 9/10/2013, at 2-3. Based upon our standard of review, we concluded that the PFA order was not against the weight of the evidence.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/10/2014

- 6 -