J-A20031-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| RESHAWN L. CROSS-HILL, | : | |
| | : | |
| Appellant | : | No. 1512 WDA 2015 |

Appeal from the Order entered September 2, 2015
in the Court of Common Pleas of Allegheny County,
Criminal Division, No(s): CP-02-SA-0001270-2015

BEFORE:  BOWES, STABILE and MUSMANNO, JJ.

JUDGMENT ORDER BY MUSMANNO, J.　　　　　　**FILED JULY 13, 2016**

Reshawn L. Cross-Hill ("Cross-Hill"), *pro se*, appeals from the judgment of sentence following her conviction of City of Pittsburgh local ordinance LO T6 601.08A—open container in public.  Cross-Hill also has filed an Application for a Continuance of oral argument.  We deny Cross-Hill's Application for a Continuance, and dismiss her appeal.

On September 2, 2015, Cross-Hill was found guilty of violating Pittsburgh's open container ordinance, after which Cross-Hill filed an appeal *de novo*.  When Cross-Hill failed to appear for summary appeal hearing,  the trial court dismissed Cross-Hill's appeal, entered judgment on the issuing authority, and sentenced Cross-Hill to pay all applicable costs.  ***See*** Pa.R.Crim.P. 462(d) (providing that "if the defendant fails to appear, the trial judge may dismiss the appeal and enter judgment in the court of common

pleas on the judgment of the issuing authority."). Cross-Hill thereafter filed a timely *pro se* appeal of her judgment of sentence.

Cross-Hill presently has filed an Application for a Continuance of oral argument in her case, asserting that she cannot attend argument because she is in "a program." Application for Continuance at 1. Notwithstanding, our review discloses that Cross-Hill's appellate brief is entirely deficient, with her argument consisting of one paragraph detailing her personal circumstances.[1] Cross-Hill identifies no issue for review, and presents no legal argument or citation to authority. **See** Pa.R.A.P. 2119 (setting forth the requirements for the argument section of an appellate brief). Further, we are unable to discern any issue for review.

"This Court may ... dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure." **In re Ullman**, 995 A.2d 1207, 1211 (Pa. Super. 2010) (citation omitted). While this Court will construe *pro se* materials liberally, "*pro se* status confers no special benefit on an appellant." **Id.** at 1211-12. Because the deficiencies in Cross-Hill's brief preclude appellate review, we deny Cross-Hill's Application for a Continuance, and dismiss the appeal. **See id.**

Application denied. Appeal dismissed.

---

[1] In fact, the entire brief consists of one paragraph.

J-A20031-16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/13/2016