J. S02002/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOHN J. LYNCH, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | No. 1887 EDA 2018 |
| | : | |
| JOSEPH ZWECHAROWSKI | : | |

Appeal from the Judgment Entered May 22, 2018,
in the Court of Common Pleas of Philadelphia County
Civil Division at No. July Term, 2016 No. 02062

BEFORE: GANTMAN, P.J.E., KUNSELMAN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED MARCH 15, 2019**

John J. Lynch appeals, ***pro se***, from the May 22, 2018 order entered by the Court of Common Pleas of Philadelphia County granting Joseph Zwecharowski's motion for summary judgment. After careful consideration, we dismiss appellant's appeal.

The trial court provided the following procedural history:

> [Appellant] is an inmate that resides at SCI Camp Hill . . . . [Appellant] initiated this case against [appellee] on July 21, 2016. On November 22, 2016, [appellant] filed his Third Amended Complaint against [appellee] arising from a dispute between tenants in [appellee's] duplex residential property.
>
> On December 8, 2016, [appellee] filed Preliminary Objections to [appellant's] Third Amended Complaint. [Appellee] certified that, on December 8, 2016, [appellee] served the Preliminary Objections upon [appellant] by electronically filing them as well as by mailing a copy of them by regular first class mail.

> [Appellant] did not file a response to [appellee's] Preliminary Objections. On January 6, 2017, the trial court granted [appellee's] Preliminary Objections in part and struck all claims for housing discrimination, allegations of recklessness, claims for punitive damages, and all references to State Farm Insurance from [appellant's] Third Amended Complaint with prejudice.
>
> On February 20, 2018, [appellee] filed a Motion to Remove Case from Deferred Status ("Motion to Remove"). [Appellee] certified that, on February 20, 2018, [appellee] served the Motion to Remove upon [appellant] by electronically filing it as well as by mailing a copy of it to [appellant] by regular first class mail. [Appellant] did not file a response to [appellee's] Motion to Remove. On March 23, 2018, the trial court granted [appellee's] Motion to Remove.
>
> On April 17, 2018, [appellee] filed a Motion for Summary Judgment. [Appellee] certified that, on that same date, [appellee] served the Motion for Summary Judgment upon [appellant] by electronically filing the Motion as well as mailing a copy of the Motion for Summary Judgment to [appellant] and [appellant's] [a]ddress by regular first class mail. [Appellant] did not file a response to [appellee's] Motion for Summary Judgment. On May [22,] 2018, the trial court granted [appellee's] Motion for Summary Judgment. On June 8, 2018, [appellant] filed a Notice of Appeal from the trial court's May [22,] 2018 order.

Trial court opinion, 8/2/18 at 1-2.

On June 20, 2018, appellant filed a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), even though the trial court did not order him to do so. The trial court filed an opinion pursuant to Pa.R.A.P. 1925(a) on August 2, 2018.

Appellant raises the following issues for our review:

1. Does the record and the several pleadings[,] the complaint, amended complaint[, second,] and third complaints with exhibits support the courts [sic] order that appellant had not stated claims of Housing discrimination, and violations of 42 [U.S.C.] [§] 3617 of the Fair [H]ousing Act?

2. Does the record in this matter support the order of September 6th[,] 2016[,] that [appellant] for injunctive relief had not stated a prima facie case requiring relief pursuant to 42 [U.S.C.] [§] 3613[(C)](1)(d) of the Fair [H]ousing Act[] and that [appellee] did not serve [appellant]?

3. Does Certificate of Service stating that motion was mailed to a location that the appellee and appellee's counsel know or reasonably should have know [sic] the [r]esponding party is not at [sic] constitute a valid certificate and full fill [sic] due [p]rocess of [l]aw requirement?

4. Are the trial courts [sic] orders of March 16th[,] 2018[,] April 27, 2018, and May 22[,] 2018[,] appropriate and based upon proper procedure?

Appellant's brief at 6-8.

We are constrained to dismiss this appeal because appellants' brief entirely fails to adhere to the Pennsylvania Rules of Appellate Procedure. It is well settled that parties to an appeal are required to submit briefs in conformity, in all material respects, with the requirements of the Rules of Appellate Procedure, as nearly as the circumstances of the particular case will admit. Pa.R.A.P. 2101. "Although this Court is willing to liberally construe materials filed by a **pro se** litigant, **pro se** status confers no special benefit upon the appellant." **In re Ullman**, 995 A.2d 1207, 1211-1212 (Pa.Super.

2010) (citations omitted), ***appeal denied***, 20 A.3d 489 (Pa. 2011). We cannot advocate or act as counsel for appellants who have not substantially complied with our rules. ***Bombar v. W. Am. Ins. Co.***, 932 A.2d 78, 93 (Pa.Super. 2007) (citation omitted). "This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure." ***Ullman***, 995 A.2d at 1211 (citation omitted); ***see also*** Pa.R.A.P. 2101.

Instantly, appellant's ***pro se*** brief falls well below the standards delineated in our Rules of Appellate Procedure. Specifically, appellant's entire brief is comprised of prose in which appellant makes various allegations of misconduct on the part of appellee. Moreover, the argument section of appellant's brief is not divided into as many parts as there are questions to be argued in violation of Pa.R.A.P. 2119(a), nor does he develop any analysis of the issues raised. We further note that appellant's brief lacks the necessary citations to the record in violation of Rule 2119(b), and fails to provide this court with references to the record, in violation of Rule 2119(c). Because of the defects in the brief, we cannot reach a decision on the merits. Accordingly, we dismiss appellant's appeal.

Appeal dismissed.

Appellant's application to file a supplemental brief filed on November 7, 2018, is denied.

Appellant's application to file a supplemental appendix filed on November 21, 2018, is denied.

Appellant's application for relief filed on December 3, 2018, is denied.

Appellant's application to file a supplemental appendix filed on February 6, 2019, is denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/15/19