J. A24031/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ANGELA WEST-BOGANS, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | No. 1510 MDA 2017 |
| | : | |
| TRACY C. BOGANS | : | |

Appeal from the Order Entered June 23, 2017,
in the Court of Common Pleas of Cumberland County
Civil Division at No. 2012-02458

BEFORE:  OTT, J., McLAUGHLIN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JULY 01, 2019**

Angela West-Bogans ("Wife") appeals, ***pro se***, from the June 23, 2017 order entered by the Court of Common Pleas of Cumberland County denying Wife's petition for contempt relating to her divorce proceedings from Tracy C. Bogans ("Husband").  For the following reasons, we dismiss Wife's appeal.

The relevant procedural history, as it pertains to this case is as follows: Wife filed a complaint in divorce on April 20, 2012.  During the course of litigating the divorce, Wife filed a petition for contempt on June 1, 2017, in which she alleged that Husband's "non-compliance with [orders of court] and other intentionally malicious acts have placed financial demands on [Wife] that are impossible to meet."  (Wife's petition, 6/1/17 at unnumbered page 6.)

The trial court denied Wife's petition following a hearing on June 21, 2017.[1] The trial court ultimately entered a divorce decree on September 27, 2017.

Wife filed a timely notice of appeal to this court on June 30, 2017; however, while she filed the notice of appeal with the Cumberland County Prothontary, Wife failed to serve a copy of the notice of appeal with the trial judge pursuant to Pa.R.A.P. 906(a)(2). In its Rule 1925(a) opinion,[2] the trial court suggests that the appeal be quashed for noncompliance. We find that appellant's failure to comply with Rule 906(a)(2) has not affected our ability to render meaningful appellate review, as the trial court filed an opinion pursuant to Rule 1925(a) and both sides have filed briefs. Accordingly, we find that quashal on the grounds of failure to comply with Rule 906(a)(2) is not necessary. *See Coffman v. Kline*, 167 A.3d 772, 776 (Pa.Super. 2017), *appeal denied*, 182 A.3d 433 (Pa. 2018).

We nonetheless dismiss Wife's appeal because her brief entirely fails to adhere to the Pennsylvania Rules of Appellate Procedure, and has hindered our ability to render meaningful appellate review. It is well settled that parties to an appeal are required to submit briefs in conformity, in all material respects, with the requirements of the Rules of Appellate Procedure, as nearly as the circumstances of the particular case will admit. Pa.R.A.P. 2101.

---

[1] The Cumberland County Prothonotary entered the order on June 23, 2017.

[2] The trial court did not order Wife to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

"Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." *In re Ullman*, 995 A.2d 1207, 1211-1212 (Pa.Super. 2010), *appeal denied*, 20 A.3d 489 (Pa. 2011) (citations omitted). We will not advocate or act as counsel for an appellant who has not substantially complied with our rules. *Bombar v. W. Am. Ins. Co.*, 932 A.2d 78, 93 (Pa.Super. 2007) (citation omitted). "This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure." *Ullman*, 995 A.2d at 1211 (citation omitted); *see also* Pa.R.A.P. 2101.

Here, Wife's *pro se* brief falls well below the standards delineated in our Rules of Appellate Procedure. Specifically, Wife's entire brief is comprised of prose in which Wife makes various allegations of misconduct on the part of Husband, including allegations of bigamy and abuse. (*See* Wife's brief at 20, 23.) We can discern nothing in the brief to substantiate any reason for a finding of contempt for violation of a court order.

Wife also fails to divide her argument into as many parts as there are questions to be argued, in violation of Rule 2119(a), nor does she develop any analysis of the issues raised. We further note that Wife's brief lacks the necessary citations to the record in violation of Rule 2119(b), and fails to provide this court with references to the record, in violation of Rule 2119(c). Accordingly, we dismiss Wife's appeal.

J. A24031/18

Appeal dismissed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/1/2019