J-S14016-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DALE ARNOLD | : | |
| | : | |
| Appellant | : | No. 1269 MDA 2020 |

Appeal from the PCRA Order Entered September 14, 2020
In the Court of Common Pleas of Bradford County Criminal Division at
No(s):  CP-08-CR-0001026-1980

BEFORE:  BOWES, J., DUBOW, J., and MUSMANNO, J.

JUDGMENT ORDER BY DUBOW, J.:          **FILED: SEPTEMBER 9, 2021**

Appellant, Dale Arnold, appeals *pro se* from the Order dismissing his fourth Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, as untimely. We affirm.

On March 19, 1981, a jury convicted Appellant of, *inter alia*, First-Degree Murder. The trial court sentenced Appellant to life imprisonment and this Court affirmed. **Commonwealth v. Arnold**, 480 A.2d 1066 (Pa. Super. 1984).

Appellant filed the instant 400-page PCRA Petition, his fourth, on January 17, 2020. On January 24, 2020, the PCRA court directed Appellant to file an amended Petition setting forth facts to overcome the time bar set forth in 42 Pa.C.S. § 9545(b). Appellant filed a response on March 2, 2020, which the court determined failed to set forth facts sufficient to overcome the time bar. On March 5, 2020, the court filed an Order pursuant to Pa.R.Crim.P. 907

informing Appellant of its intention to dismiss his Petition without a hearing. The court dismissed Appellant's Petition on September 11, 2020.

Appellant timely filed a *pro se* Notice of Appeal. The trial court filed a Pa.R.A.P. 1925(a) Opinion referring this Court to its Rule 907 Order. It did not order Appellant to file a Rule 1925(b) Statement.

*Pro se* Appellant subsequently filed a 135-page appellate Brief consisting of various newspaper articles, comics, letters from attorneys, reproductions of portions of the record, and lists of citations to legal authority without explanation of the citations' relevance. Interspersed throughout are handwritten statements from which we are unable to discern a comprehensible argument.

Sections 2101-2119 of our Rules of Appellate Procedure set forth specific briefing requirements so that this Court is able to provide meaningful review of appeals. Pa.R.A.P. 2101-2119. Pa.R.A.P. 2101 provides that "[b]riefs and reproduced records shall conform in all material respects with the requirements of these rules[.]" If a brief fails to conform to these rules, this Court may dismiss the appeal if we are unable to provide meaningful review. **In re Ullman**, 995 A.2d 1207, 1211 (Pa. Super. 2010). **See also** Pa.R.A.P. 2101 ("if the defects in the brief . . . are substantial, the appeal or other matter may be quashed or dismissed."). While this Court will liberally construe *pro se* filings, "*pro se* status confers no special benefit on an appellant." **Ullman**, 995 A.2d at 1211-12.

Appellant's Brief utterly fails to comport with our briefing rules. Appellant failed to include a statement of jurisdiction, statement of standard and scope of review, statement of questions involved, and a summary of the argument as required by our Rules. Pa.R.A.P. 2111(a), 2114, 2116(a), 2118.

Moreover, the disjointed and underdeveloped nature of Appellant's Brief makes it impossible for this Court to discern the arguments Appellant wishes to raise on appeal and the factual and legal bases for those arguments. As a result, these defects are substantial and preclude this Court from engaging in meaningful appellate review. Accordingly, we dismiss this appeal.[1]

Application for Relief denied. Appeal dismissed.

---

[1] On December 21, 2020, Appellant filed an Application for Relief requesting that this Court remand for an evidentiary hearing on the merits of his PCRA Petition. Application for Relief, filed 12/21/20, at ¶ 9. While he argues generally that the trial court erred by dismissing his Petition for failure to satisfy the PCRA's jurisdictional time-bar, he does not explain on what grounds he believes the court erred. *See id.* at ¶ 5. Rule 123 requires that "[a]ll grounds for relief demanded shall be stated in the application and failure to state a ground shall constitute a waiver thereof." Pa.R.A.P. 123(a). Since Appellant failed to state the grounds for his requested relief, he has waived this issue. Accordingly, we deny his Application for Relief.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/09/2021