J-A17011-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA

v.

PRISON GUARD M. DRISCOLL

APPEAL OF: MARK C. ROKITA, JR.

:
:
:
:
:
:
:
:
:
:
:
:

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 844 WDA 2024

Appeal from the Order Entered June 6, 2024
In the Court of Common Pleas of Clearfield County Criminal Division at
No(s): CP-17-MD-0000044-2024

BEFORE: McLAUGHLIN, J., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED: September 26, 2025**

Mark C. Rokita, Jr. appeals from the order denying his petition for review of the District Attorney's disapproval of his private criminal complaint. We affirm.

Rokita filed a private criminal complaint against Corrections Officer M. Driscoll, alleging CO Driscoll committed official oppression, terroristic threats, and harassment. 18 Pa.C.S.A. §§ 5301, 2706(a)(1), and 2709(a)(3). In the complaint, Rokita alleged:

> On 10/24/2023, M. Driscoll was, while working at SCI Houtzdale, making a round around I-B unit. As he encountered cell doors with a partition on the window, he knocked once (to make certain the occupant was OK) then continued. Rokita heard the knocks, especially @ 41 cell (2 feet from his cell). When Driscoll got to Rokita's door, the window was too partly covered to apprise others, the occupant is indecent. Driscoll banged on the door with a metal baton, then the window, while shouting, "I can't see

you Rokita, I need to see you." Rokita responded, "look down, I'm on the toilet." Driscoll then grabbed the metal cell door with both hands and began to violent shake while screaming "I need to see all of you, I want to see all of you right now." Rokita yelled back "please stop, you can see I'm okay, using the toilet." Driscoll continued until Rokita stood, pulled down the paper and allowed Driscoll to see everything. Driscoll['s] assault went on for awhile, and he stated, while screaming, if Rokita doesn't show him everything, he would "write another misconduct," which is why Rokita relented. This is the second extreme assault by Driscoll within 3 months. On 7/25/23, Driscoll pushed another guard out of the way so that he could search Rokita's cell, & destroyed much of Rokita's property, while screaming obseneties [sic] at Rokita. Driscoll wrote a misconduct for Rokita's property & legal work, much of it was returned. However, out of nearly 500 searches that day, Rokita was the only one issued a misconduct. There is evidence & witnesses that this is deliberate, and beyond the scope of Driscoll's employment. It is believed, Driscoll is retaliating because Rokita reported him for smuggling in illegal contraband in 2019.

Notice of Appeal of the Criminal Complaint Dismissal, filed Feb. 20, 2024, at Exh. B., Private Criminal Complaint.

The Clearfield County District Attorney's Office informed Rokita that it disapproved the complaint. Rokita petitioned the trial court for review of the disapproval. The trial court ordered the District Attorney to respond to the private criminal complaint. The District Attorney's office filed a response stating there was no merit for proceeding with the complaint because in 2023 Rokita filed a similar private criminal complaint against CO Driscoll for the same reasons as stated in this complaint, and the District Attorney's Office obtained from SCI Houtzdale reports and documentation related to the allegations. The District Attorney determined, based on the internal grievance

paperwork and investigation, that there was insufficient evidence to proceed with the charges.

The court held a hearing, and the Commonwealth reiterated the statements made in its response. Rokita alleged that the District Attorney's Office did not do an adequate investigation because it had not interviewed witnesses or reviewed video. N.T., May 6, 2024, at 4. Rokita further alleged that this was his first private criminal complaint, and that he filed a tort action against CO Driscoll based on a separate incident. *Id.* at 6.

The court denied the petition. Rokita appealed to this court. He raises the following issues:

> 1. Did the lower court err in dismissing the complaint and charges against SCI Houtzdale guard M. Driscoll?
>
> 2. Did the District Attorney[']s office fail in investigating the complaint against M. Driscoll?
>
> 3. Should a criminal complaint be treated with the interest of justice?

Rokita's Br. at ii. We will address Rokita's claims together.

Rokita maintains that he had not filed a previous private criminal complaint against CO Driscoll. He maintains he filed a tort action against him based on a separate incident and says he "is certain that Driscoll's conduct was retaliatory in nature from Rokita filing a Tort against him." Rokita's Br. at 1. He maintains that the confusion "only substantiates the lack of investigation into this matter." *Id.* at 2. He claims the District Attorney's office did not obtain the video of the incident or question witnesses. *Id.*

Rokita maintains the District Attorney's office is required to investigate the allegations set forth in a private criminal complaint. He maintains that it "is obvious the DA did not conduct an investigation of its own" in this case. *Id.* at 4. He asserts his private criminal complaint set forth a *prima facie* case against CO Driscoll. He maintains the trial court was required to conduct a *de novo* review and erred because it relied on the information relayed by the District Attorney's Office.

Pennsylvania Rule of Criminal Procedure 506 governs the approval of private complaints and provides:

> (A) When the affiant is not a law enforcement officer, the complaint shall be submitted to an attorney for the Commonwealth, who shall approve or disapprove it without unreasonable delay.
>
> (B) If the attorney for the Commonwealth:
>
> . . .
>
> (2) disapproves the complaint, the attorney shall state the reasons on the complaint form and return it to the affiant. Thereafter, the affiant may petition the court of common pleas for review of the decision.

Pa.R.Crim.P. 506(A), (B)(2).

"[W]hen reviewing a prosecutor's decision disapproving a private criminal complaint under Rule 506, a [C]ourt of [C]ommon [P]leas may only overturn that decision if the private complainant demonstrates that the disapproval decision amounted to bad faith, occurred due to fraud, or was unconstitutional." ***In re Ajaj***, 288 A.3d 94, 109 (Pa. 2023). "[B]ad faith is demonstrated when the prosecutor acted with a fraudulent, dishonest, or

corrupt purpose." *Id.* The Pennsylvania Supreme Court in *In re Ajaj* "denounce[d] the prior rubric, where the applicable standard of review depended on the asserted basis for the prosecutor's disapproval decision." *Id.* The prior rubric applied a *de novo* standard where a prosecutor's decision was based legal conclusions and an abuse of discretion standard where the decision was based on policy considerations or a hybrid of legal and policy considerations. *In re Ullman*, 995 A.2d 1207, 1213 (Pa.Super. 2010), *overruled in part by In re Ajaj*, 288 A.3d at 109.

Here the trial court found the prosecutor's decision to disapprove the complaint was not the result of bad faith or fraud and was not unconstitutional:

> In this case, the District Attorney disapproved the private criminal complaint because "internal investigation cleared CO," with "CO" no doubt referring to Corrections Officer M. Driscoll. The Commonwealth further specified in its response that [Rokita] had attempted to file similar criminal charges against Driscoll previously and for the same reasons as in this case; the District Attorney's office received from SCI Houtzdale all reports, documentation, grievances and investigatory results which, upon review the District Attorney, "in exercising his authority and powers relating to prosecutorial determinations and discretion," declined to approve the private criminal complaint.
>
> Here, the [c]ourt finds that [Rokita] has failed to demonstrate the disapproval was based on, or amounted to, bad faith, occurred due to or as a result of fraud or was in any way or manner unconstitutional.

Trial Ct. Op., filed June 10, 2024, at 3.

We agree that the prosecuting attorney did not act in bad faith or engage in fraud and the disapproval of the complaint was not unconstitutional. The

- 5 -

District Attorney's Office sought the relevant documentation, and stated its decision was based on the documents. Rokita has provided no support for his contention that the District Attorney's office was required to do additional research prior to disapproving the complaint. The trial court did not err in denying the petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 09/26/2025