J-S40001-25
J-S40002-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| QUORTNEE NOON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| KEVIN EUGENE MARTIN, JR. | : | No. 884 MDA 2025 |

Appeal from the Order Entered June 11, 2025
In the Court of Common Pleas of Dauphin County Civil Division at No(s):
2013-CV-06479-CU

| | | |
|---|---|---|
| MICHAEL WRIGHT | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| QUORTNEE MARIE NOON | : | |
| | : | |
| Appellant | : | No. 885 MDA 2025 |

Appeal from the Order Entered June 11, 2025
In the Court of Common Pleas of Dauphin County Civil Division at No(s):
2019-CV-00217-CU

BEFORE:  LAZARUS, P.J., PANELLA, P.J.E., and MURRAY, J.

MEMORANDUM BY LAZARUS, P.J.:　　　　　　**FILED DECEMBER 12, 2025**

In these consolidated appeals,[1] Quortnee Marie Noon appeals from the orders, entered in the Court of Common Pleas of Dauphin County on two dockets, that:  (1) granted Keven Eugene Martin, Jr., sole legal and primary physical custody of his children with Noon, K.M. (born 5/10), N.M. (born 5/11), K.M. (born 3/12), and N.M. (born 3/12), and granted Noon partial physical

---

[1] We have *sua sponte* consolidated these appeals for ease of disposition. **See** Pa.R.A.P. 513.

custody on alternating Saturdays;[2] and (2) granted Michael Wright sole legal and primary physical custody of his child with Noon, N.W. (born 2/08), and granted Noon partial physical custody on alternating Saturdays.[3] We dismiss these appeals.[4]

_____

[2] On August 18, 2025, at the direction of our Court, Noon filed amended notices of appeal which state that her "appeal[s are] taken from the following order(s) entered on June 11, 2025: 'The custody order(s) issued by Judge Jeffrey Engle in the above-referenced case.'" Amended Notice of Appeal (884 MDA 2025), 8/18/25, at 1; Amended Notice of Appeal (885 MDA 2025), 8/18/25, at 1. **See** Rule to Order/Show Cause (884 MDA 2025 & 885 MDA 2025), 7/25/25 (noting Noon's notice of appeal states she appeals from "order entered . . . on the 16th day of June, 2025[, and] also states that this appeal is 'from the final custody and contempt order[s] . . . entered on this docket on June 11, 2025," yet trial court docket reflects no order entered on June 16, 2025); **see also** Order (884 MDA 2025 & 885 MDA 2025), 8/8/25 (our Court noting Noon's original notices of appeal "appear[] to incorrectly state that this appeal is taken from 'the order entered in this matter on the 16th day of June, 2025'" and ordering her to file amended notice of appeal noting appeal taken from June 11, 2025).

[3] In contravention of Pa.R.A.P. 1925(a)(2)(i), Noon failed to file a contemporaneous Statement of Errors Complained of on Appeal with her notices of appeal. While that error is not fatal to appellate review, the trial court noted that Noon ultimately did file a statement that was:

> [Twenty-six] pages [and] contain[ed] 33 numbered issues in addition to over 100 bullet points. . . . The core of [Noon's] complaints stem from her belief that the Dauphin County Court of Common Pleas has failed to agree with her regarding her custody issues [and that] there is a widespread conspiracy against her.

Trial Court Statement in Lieu of Opinion (884 MDA 2025), 8/13/25, at 1-2.

[4] On the same date that the court entered its final custody order in case 2013-CV-06479-CU (884 MDA 2024), the court entered an order finding Noon in contempt for violating the court's December 6, 2022 custody order. The court noted that Noon

*(Footnote Continued Next Page)*

Noon has appealed from two final custody orders involving her children with two different fathers. She filed identical briefs in each appeal, which included the following "Trauma Disclaimer":

> [Noon] respectfully advises this Honorable Court that the revision and re-examination of the underlying record and trial transcripts are profoundly triggering and further traumatizing. These materials contain descriptions and events that embody the most extreme and egregious abuse and retaliation that [Noon] and her children have endured.
>
> For purposes of this appeal, the record and transcripts are incorporated and referenced in whole. They are cited lightly and carefully, solely as necessary to support the legal arguments contained in this [b]rief, so as to remain delicate to [Noon's] healing process and her fragile[,] but ongoing[,] collection of strength to survive through this deliberate, retaliatory harm. Picking apart the record in excessive detail at this stage would not only delay and dilute the [b]rief, but would also further debilitate [Noon] under the weight of the trauma embedded in those proceedings.

Appellant's Brief (884 MDA 2025), at 19; Appellant's Brief (885 MDA 2025), at 19. *See id.* at 20 ("The Appellant makes this trauma provision disclaimer not to limit the Court's review, but to ask that its consideration be guided with sensitivity to the profound human cost of reliving and recounting these facts, and with recognition of the deliberate and egregious nature of the harms

---

failed to comply with th[e c]ourt's [o]rder . . . and failed to transfer custody of all four children to [Wright]. Instead, [Noon] chose to flee the jurisdiction . . . with th[e ]four children and one additional child from a companion case[, the instant consolidated appeal at 885 MDA 2024. Wright] didn't get physical custody of the children until late January of 2023. In the meantime, the children were removed from their school and [Noon] was moving from state to state with [them].

Trial Court Memorandum (884 MDA 2024), 6/11/25, at 2.

documented therein."); *see also* Appellant's Reply Brief (884 MDA 2025), at 12 ("The trauma disclaimer [in Noon's brief] was not abdication, but transparency. It explained why arguments were streamlined for safety and word limits, while still preserving all issues by reference."). Noon characterizes her brief as containing "minor formatting irregularities," *id.*, but reminds us that "Pennsylvania courts liberally construe *pro se* filings in custody cases." *Id.*

It is well-established that:

[a]ppellate briefs . . . must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. [*See*] Pa.R.A.P. 2101. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. *Id.* Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent [her]self in a legal proceeding must, to a reasonable extent, assume that [her] lack of expertise and legal training will be [her] undoing.

*In re Ullman*, 995 A.2d 1207, 1211-12 (Pa. Super. 2010) (some citations omitted). *See also* Pa.R.A.P. 2114-2119 (addressing specific requirements of each subsection of appellate brief).

Noon's appellate briefs in these consolidated appeals do not comport with a multitude of our appellate briefing rules. Initially, we note that although she includes the titles for various subsections of the appellate briefs, she: does not include citations to relevant authorities,[5] *see* Pa.R.A.P. 2119(a)-(b); fails to "reference[] the place in the record where the matter referred to

_____

[5] Other than citing to boilerplate law for the standards of review, Noon failed to cite to any case in the argument section of her brief.

appears," Pa.R.A.P. 2119(c); includes no information and discussion as required by Pa.R.A.P. 2119(a); and omits proper references to the original record. *See* Pa.R.A.P. 2132. Additionally, Noon's Statement of Questions Involved does not include "answer[s] stating simply whether the court . . . agreed, disagreed, did not answer, or did not address the question." Pa.R.A.P. 2116(a). Moreover, Noon's Statement of the Case violates Pa.R.A.P. 2117(b) by containing extensive argument about the trial judge's "pattern of judicial bias, retaliation, and abuse of discretion," Appellant's Brief, at 9, as well as the court's alleged frequent display of "hostility [and] threat[]s." *Id.*

"Even if we liberally construe [Noon's] materials, [her rambling] brief and lack of cogent legal argument hamper[] our ability to conduct meaningful appellate review." *Ullman*, 995 A.2d at 1212. While we sympathize with Noon's struggles, which have been exacerbated by this protracted custody battle, it is not an appellate court's responsibility to formulate arguments for an appellant and comb through pages of a certified record to conduct proper appellate review.

Appeals dismissed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>12/12/2025</u>