J-S19003-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| GRAZYNA SKLODOWSKA-GREZAK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WIESLAW GREZAK | : | No. 2718 EDA 2019 |

Appeal from the Order Entered August 1, 2019
In the Court of Common Pleas of Monroe County Civil Division at No(s):
5575 CV 2016,
751 DR 2005

BEFORE:  BOWES, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.:                    **FILED SEPTEMBER 18, 2020**

Grazyna Sklodowska-Grezak ("Wife") appeals *pro se* from the August 1, 2019 order denying her petition for contempt and enforcement against Wieslaw Grezak ("Husband") and granting Husband's competing petition for contempt and the exclusive possession of the marital home.  We affirm.

On July 24, 1982, Husband and Wife married in Poland and subsequently moved to Pennsylvania.  Two children, both of whom are now adults, were born of the marriage.  On August 3, 2016, Wife initiated the instant proceeding by filing a divorce complaint against Husband.[1]  As a component of the

---

[1] Wife initially filed a divorce complaint on August 30, 2005, but she discontinued the divorce later that year.  The instant divorce decree was entered on March 28, 2019, and this Court affirmed the decree on January 24, 2020.

equitable distribution, on June 10, 2019, the trial court entered an order granting Husband authority to list the marital home, where Wife continued to reside, for sale. Husband secured a real estate agent for that purpose, and on June 25, 2019, with the assistance of two state constables, he and the agent went to the property to complete the listing process. Approximately fifteen minutes after their arrival, Wife expelled the group from the property, claiming to have obtained an injunction to stop the sale.

Wife immediately filed a petition for contempt against Husband, who, in light of Wife's obstructions, countered with an emergency petition for exclusive possession of the marital home and contempt. Thereafter, Wife filed a motion to strike Husband's emergency petition for exclusive possession and to supplement her contempt petitions. On July 23, 2019, Husband filed an unrelated petition for contempt regarding a March 28, 2019 order concerning, *inter alia*, the liquidation of real property located in Poland.[2]

Following an evidentiary hearing, on July 31, 2019, the trial court entered the above-referenced order granting Husband's emergency petition for exclusive possession and contempt, and denying both of Wife's petitions and Husband's petition for contempt filed on July 23, 2019. Specifically, the court directed,

---

[2] Wife does not challenge the portion of the August 1, 2019 order that denied Husband's petition for contempt relating to the property in Poland. Thus, we do not address the merits of that decision in this appeal.

Commencing September 1, 2019, [Husband] shall enjoy exclusive possession of the marital residence located at 144 Wyndham Dr., Cresco, PA 18326. In accordance with our June 10, 2019, order. [Husband] shall remain authorized to procure a realtor to list the marital residence at a price recommended by the realtor. If [Wife] refuses to sign the listing agreement or any other documents related to the listing, [Husband] shall remain authorized to sign said documents on [Wife's] behalf. If prior to September 1, 2019, [Wife] signs a listing agreement and otherwise cooperates with the marketing, showing and sale of the marital residence, [she] shall be permitted to retain exclusive possession of the marital residence through the closing date. . . . However, [Husband] shall have sole and exclusive authority to list and sell the marital property located in Poland with the proceeds of that sale to be distributed to the parties in accordance with the equitable distribution schedule set forth in the divorce decree.

Trial Court Order, 8/1/19, (unnumbered at 2) (unnecessary capitalization omitted).

This timely appeal followed. The trial court did not direct Wife to file a concise statement of errors complained of on appeal nor did it enter a trial court opinion pursuant to Pa.R.A.P. 1925(a).

Wife presents the following issues for our review:

I. Whether the trial court erred as a matter of law in determining there was sufficient evidence to find that wife failed to [comply with the June 10, 2019 order directing her to cooperate with the listing and sale of the marital home.]

II. Whether the trial court abused its discretion and erred as a matter of law in finding that Wife failed to comply with the court's [order.]

III. Whether the trial court abused its discretion when it applied equitable principles to grant husband's petition for special relief?

Wife's brief (unnumbered at 6).

As Wife's list of questions presented included only one complete statement, which was issue three, and the argument section of her brief is marginally coherent, we gleaned the gravamen of issues one and two from her statement of scope and standard of review.[3] The crux of her argument is that the trial court erred in finding her in contempt of the June 10, 2019 order and by granting Husband's request for special relief.[4] We address those issues collectively.

We review a trial court's decision to grant special relief in a divorce action for an abuse of discretion. **Prol v. Prol**, 935 A.2d 547, 551 (Pa.Super. 2007). An abuse of discretion occurs "if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason." **Id**. Similarly, "[i]n reviewing a trial court's finding on a contempt petition, we are

---

[3] As Wife failed to present any legal argument to support her contention that the trial court applied equitable principles during the contempt proceedings, the issue is waived. **See In re W.H.,** 25 A.3d 330, 339 n.3 (Pa.Super. 2011) (quoting **In re A.C.,** 991 A.2d 884, 897 (Pa.Super. 2010)) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived."). Wife's *pro se* status does not save her claim. Although we are willing to liberally construe materials filed by a *pro se* litigant, "*pro se* status confers no special benefit upon the [Wife]. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." **In re Ullman**, 995 A.2d 1207, 1211–1212 (Pa.Super. 2010).

[4] We note that Wife also appears to raise arguments relating to matters unrelated to the order on appeal. We do not address the merits of those grievances herein.

- 4 -

limited to determining whether the trial court committed a clear abuse of discretion. This Court must place great reliance on the sound discretion of the trial judge when reviewing an order of contempt." ***P.H.D. v. R.R.D***., 56 A.3d 702, 706 (Pa.Super. 2012) (footnote omitted) (quoting ***Flannery v. Iberti***, 763 A.2d 927, 929 (Pa.Super.2000)).

Moreover, "[t]o sustain a finding of civil contempt, the complainant must prove . . . by a preponderance of the evidence: (1) that the contemnor had notice of the specific order or decree which he is alleged to have disobeyed; (2) that the act constituting the contemnor's violation was volitional; and (3) that the contemnor acted with wrongful intent. ***Id*** at n.7.

The certified record sustains both aspects of the trial court's order that Wife challenges in this appeal. During the evidentiary hearing, Husband established that, pursuant to the June 10, 2019 order permitting him to proceed with the sale of the marital home, on June 25, 2019, he and Cookie Lancia, the real estate agent who listed the property for sale, accompanied two constables, Rick Porvaznik and Mike McCormack, to the property. Although Husband provided Wife notice of their arrival and purpose, she confronted the group, refused entry, and advised them that they were trespassing on her property, which she declared was her domain. ***See*** N.T., 7/31/19, at 15-16. Specifically, Constable Porvaznik testified,

> [Husband], Cookie Lancia, myself, and [Constable] McCormack. We arrived at the property, we pulled in to the driveway. A few minutes later[, Wife] pulled in, she jumped out of the car and yelled, "The court order is invalid, you're trespassing, get off my

- 5 -

property." And I looked at everyone and said, Let's go, she doesn't want us here, we're going to get off the property. Which we did. And then at that point, . . . she blocked the driveway with her vehicle.

*Id*. at 16-17. Significantly, Constable Porvaznik had no recollection of Wife informing the group that she was not provided notice of their arrival.

Constable McCormack also testified during the hearing. In addition to corroborating Constable Porvaznik's account of the episode, he added,

[A]pproximately ten minutes after we got on the property[,] the wife had shown up and stated that she was the sole owner of the property. She also stated that she had an injunction to stop the sale of the property, that we were trespassing and if we did not leave immediately that we would be sued, [and] we would be arrested[.]

*Id*. at 26-27. Based on the preceding testimony, the trial court entered the above-referenced order that, *inter alia*, found Wife in contempt and granted Husband exclusive possession of the marital residence unless Wife cooperated with the listing, marketing, and sale of the property.

Preliminarily, we do not discern an abuse of discretion in the trial court's decision to award Husband exclusive possession of the marital home in order to facilitate the sale of the property. The certified record reveals that Mother has continually obstructed the sale of the residence, conduct that necessitated the June 10, 2019 order that she was subsequently accused of violating. Thus, the trial court exercised its discretion reasonably in configuring special relief to curtail Mother's obstructionism and provide Husband temporary and conditional possession of the home in order to advance its sale.

Furthermore, as it relates to the finding of contempt against Wife, the foregoing evidence demonstrates that Wife contravened the trial court's June 10, 2019 order directing her to comply with the listing and sale of the marital home. Specifically, on June 25, 2019, Husband, two constables, and the realtor went to the residence pursuant to a trial court order and Wife, acting under the feigned authority of a fictional injunction, demanded that they leave her property or face arrest for trespassing. The preponderance of the evidence bears out that Wife had notice of the June 10, 2019 order and purposely expelled Husband and his companions from the property. Moreover, her deliberate dishonesty demonstrates wrongful intent. *Cf. Cunningham v. Cunningham*, 182 A.3d 464, 471 (Pa.Super. 2018) ("If the alleged contemnor is unable to perform and has, in good faith, attempted to comply with the court order, then contempt is not proven."). Since Husband established the three elements of contempt, we reject Wife's contrary assertion that the evidence was insufficient. *P.H.D. v. R.R.D.*, 56 A.3d 702, 706 n.7 (Pa.Super. 2012) (listing elements of contempt as (1) notice of specific order; (2) volitional violation; and (3) wrongful intent).

For all of the forgoing reasons, we affirm the order finding Mother in contempt and granting Husband's request for special relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/18/20