J-A24011-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| D.R. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| J.W. | : | |
| | : | |
| Appellant | : | No. 503 WDA 2020 |

Appeal from the Order Entered January 23, 2020
In the Court of Common Pleas of Lawrence County Civil Division at
No(s): 10376 of 2011 C.A.

BEFORE: BENDER, P.J.E., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.: FILED SEPTEMBER 30, 2020

J.W. (Mother) appeals pro se from a final custody order, entered on January 23, 2020, by the Court of Common Pleas of Lawrence County that provided for the custody arrangements for J.W. (Child) (born in February of 2004) to maintain the prior custody order entered on April 19, 2016. The 2016 order directed that D.R. (Maternal Grandmother) would have sole legal custody and primary physical custody of Child with Mother having partial physical custody.[1] After review, we dismiss this appeal.

In its opinion filed in response to Mother's appeal, the trial court provided the following:

> On November 21, 2019, [Mother] filed a [p]etition to [m]odify the custody [o]rder of April 19, 2016. A [c]ustody [c]onciliation [c]onference was scheduled before a Master for January 6, 2020. [Mother] requested permission to participate in

_____

[1] Maternal Grandmother has not filed a responsive brief with this Court.

the [c]ustody [c]onciliation [c]onference by telephone because she could not receive permission from her parole officer to travel outside of the state of New York.  Permission to participate by telephone was granted.

During the [c]oncilation [c]onference, [Mother] became disruptive and continued to interrupt the Master.  Despite several warnings by the Master that the disruptive conduct must cease, [Mother] continued to disrupt the conference and interrupt the Master to the point that further conduct of the [c]onciliation [c]onference became impossible and the Master terminated the conference.  A conference is a required part of the Lawrence County procedure in custody cases.  Refusal by a party, who has filed a [p]etition to [m]odify an existing [c]ustody [o]rder, to participate in a [c]oncilation [c]onference, will result in a [f]inal [o]rder that maintains the status quo of the existing [c]ustody [o]rder.  [Mother's] conduct amounted to a refusal to participate in the conference and upon the recommendation of the Master, the [p]etition to [m]odify was terminated and the existing [c]ourt [o]rder remains in effect.  Conciliation [c]onferences are not held on the record; and no transcript exists.

The [f]inal [o]rder that maintained the status quo was entered on January 23, 2020.  [Mother] filed an appeal on April 3, 2020, well outside of the allowable time to file an appeal.

While nothing precludes [Mother] from filing a new [p]etition to [m]odify the April 19, 2016 [o]rder of [c]ourt, the current appeal is untimely.

Trial Court Opinion, 6/8/20.

Upon receipt of Mother's appeal, this Court issued a rule to show cause order on May 27, 2020, indicating that Mother's appeal appeared to be untimely in that the order appealed from was entered on January 23, 2020, but that her appeal was not filed until April 3, 2020.  In response, Mother explained that she was released from prison in September of 2019, and that she had a new address.  Specifically, Mother claims that the January 23, 2020

order was sent to an address that she had not lived at since 2016. In fact, the trial court's order directs that the order be served "upon Mother at 10 Fayette Street, Apt. #1S. Binghamton NY 13901." Custody Order, 1/23/20, at 2. However, Mother's petition for modification listed her address as 190 Henry Street, 1st floor, Binghamton, NY 13901, not the Fayette Street address. Additionally, the trial court docket reflects an entry on February 4, 2020, which indicated that the January 23, 2020 order mailed to Mother at 10 Fayette Street, Apt. #15, Binghamton NY 13901, was returned as "unable to forward."

Our review of these documents reveals that a breakdown of the trial court's operations must have occurred in that the attempt to serve the January 23, 2020 order on Mother was sent to an address that was different from the one she listed on her petition for modification. We further note that there is a discrepancy between the apartment number listed in the order, "1S," and on the undelivered mail, "15." Thus, in light of this Court's awareness of these facts, we discharged the rule to show cause order on June 22, 2020. Moreover, we conclude that due to the trial court's error in serving the final custody order on Mother, her appeal filed on April 3, 2020, will not result in a quashal of her appeal. This case clearly falls within the concept of allowing an appeal to go forward where the facts indicate a breakdown in court operations. See In re Interest of C.K., 535 A.2d 634 (Pa. Super. 1987) (providing that an extension of time to take an appeal is permitted in cases where there has been fraud or a breakdown in court operations).

We now turn to Mother's Statement of Questions Presented portion of her pro se brief, wherein she lists the following:

1. Is [Mother] entitled to be vindicated of the past history allegations and prognosis based on the new evidence presented in exhibits A–I to the trial court in the November 23rd 2019 filing from [Mother]?

2. Was there sufficient evidence filed in the November 23rd 2019 modification of custody and all supportive documents for the trial court judge to have rendered a disposition favorable to [Mother] rather than resorting to default judgment to the previous order?

Mother's brief at 7. We also note that in the section of Mother's brief entitled Statement of the Scope and Standards of Review, she sets forth five additional questions that appear to assert errors she claims were committed by the trial court.

Unfortunately, we are unable to respond to the issues Mother has attempted to raise. Initially, we recognize

> [a]ppellate briefs … must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. Id. Although this Court is willing to liberally construe materials filed by a pro se litigant, pro se status confers no special benefit upon the appellant. To the contrary, any person choosing to represent [her]self in a legal proceeding must, to a reasonable extent, assume that [her] lack of expertise and legal training will be [her] undoing.

In re Ullman, 995 A.2d 1207, 1211-12 (Pa. Super. 2010), appeal denied, 20 A.3d 489 (Pa. 2011) (some citations omitted). See also Pa.R.A.P. 2114-2119 (addressing specific requirements of each subsection of appellate brief).

The brief filed by Mother does not comport with many of the requirements set forth in the appellate rules. Initially, we note that Mother's entire brief is single-spaced, which is not in compliance with Pa.R.A.P. 124(a)(3), that requires text other than quotations, to be double spaced. Although Mother's brief includes the titles for various subsections of an appellate brief, the content of most of these subsections does not provide the information/discussion that is required. Specifically, Pa.R.A.P. 2114, entitled Statement of Jurisdiction, requires citation to the authority that confers jurisdiction on this Court to review the order appealed from. Instead, Mother includes a single-spaced discussion covering more than one page that contains the procedural history of this case and includes a discussion as to why her appeal should be heard in light of the delay in her filing of the appeal. As for Rule 2115's requirement for inclusion of the text of the order, which is the subject of the appeal, Mother also includes the entire text of the earlier 2016 order, much of which is not pertinent to this appeal. The Statement of the Questions Involved section appears as noted above, but the two issues are not followed by answers as required by Rule 2116. Mother's brief also contains more than six single-spaced pages of discussion of the facts and procedure, but does not contain much of the required information listed in Pa.R.A.P. 2117(a). For example, Rule 2117(a) requires a condensed chronological statement with references to the place in the record that substantiates the facts and where they can be found. Moreover, this section of Mother's brief

does contain argument, which is prohibited by Rule 2117(b). With regard to the Argument section of Mother's brief, she does divide that section into two parts, attempting to address the two issues she raises. However, the two-page discussion of both issues directs our attention to facts, many of which are unrelated to the issues Mother raises. Additionally, Mother provides no "reference to the place in the record where the matter referred to appears." Pa.R.A.P. 2119(c). See also Pa.R.A.P. 2132. Furthermore, the argument section contains no citations to any authorities pertinent or otherwise. See Pa.R.A.P. 2119(a) and (b). Finally, as stated by this Court in the Ullman opinion, "[e]ven if we liberally construe the materials [the a]ppellant filed, the nearly unintelligible brief and lack of cogent legal argument hampers our ability to conduct meaningful appellate review." Ullman, 995 A.2d at 1212.

For these enumerated reasons, we suppress Mother's brief and dismiss this appeal.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/30/2020

- 6 -