J-A14016-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| KERRI L. SIEMINKEWICZ | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| PAUL R. SIEMINKEWICZ | : | |
| | : | |
| Appellant | : | No. 880 WDA 2020 |

Appeal from the Order Entered July 24, 2020
In the Court of Common Pleas of Westmoreland County
Civil Division at No(s):  No. 2367 of 2012 – D

BEFORE:  MURRAY, J., KING, J., and MUSMANNO, J.

JUDGMENT ORDER BY KING, J.:                    **FILED: JUNE 1, 2021**

Appellant, Paul R. Sieminkewicz ("Husband"), appeals *pro se* from the order entered in the Westmoreland County Court of Common Pleas, directing him to pay the attorney's fees of Appellee, Kerri L. Sieminkewicz ("Wife").  We dismiss Appellant's appeal and strike the case from the argument list.

The relevant facts and procedural history of this case are as follows. Husband and Wife married in October 1992.  On November 2, 2012, Wife filed a divorce complaint; Husband prolonged the divorce proceedings by filing separate civil actions related to the marital property.  The court entered a divorce decree on February 17, 2015.  On August 27, 2015, the parties executed a consent order, serving as the final marital settlement agreement; the order provided that no further lawsuits would be filed by either party.  On February 26, 2018, Husband filed two civil actions against Wife.  On June 13,

2018, Wife filed a contempt petition, alleging that Husband had violated the consent order and seeking attorney's fees. Husband subsequently filed a contempt petition against Wife. On August 6, 2018, following a hearing, the court dismissed Husband's contempt petition. The court granted Wife's contempt petition on March 19, 2019, and directed Husband to pay $7,400.00 in attorney's fees.

On February 14, 2020, this Court affirmed in part, vacated in part, and remanded the matter for an evidentiary hearing to determine whether the amount of attorney's fees Wife had requested were reasonable.[1] ***See Sieminkewicz v. Sieminkewicz***, 227 A.3d 421 (Pa.Super. 2020) (unpublished memorandum). The court held a remand hearing on July 7, 2020; both parties appeared *pro se* but Wife's former attorney testified regarding his representation and provided copies of his billing statements. On July 24, 2020, the court ordered Husband to pay $7,075.13 in attorney's fees within 30 days. This timely appeal followed.

Preliminarily, we recognize:

> [A]ppellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. ***Id.*** Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se*

---

[1] Wife had alleged she spent more than $7,400.00 to defend against Husband's civil lawsuits and in relation to the contempt proceedings but she did not submit invoices to support her claim.

> status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

*In re Ullman*, 995 A.2d 1207, 1211-12 (Pa.Super. 2010), *appeal denied*, 610 Pa. 600, 20 A.3d 489 (2011) (some internal citations omitted). *See also* Pa.R.A.P. 2114-2119 (addressing specific requirements of each subsection of appellate brief). Here, Appellant's "brief" on appeal is completely inadequate, lacking, *inter alia*, the relevant scope and standard of review and any coherent argument section with citation to relevant authority. *See* Pa.R.A.P. 2111(a) (discussing required content of appellate briefs). Appellant provides no cogent legal arguments or relevant authority to support his claims. *See* Pa.R.A.P. 2119(a) (stating argument shall be divided into as many sections as there are questions presented, followed by discussion with citation to relevant legal authority). These substantial defects preclude meaningful review, warranting suppression of Appellant's brief and dismissal of the appeal. *See In re Ullman, supra*; Pa.R.A.P. 2101. Accordingly, we suppress Appellant's brief and dismiss his appeal.[2]

Appeal dismissed. Case is stricken from the argument list.

---

[2] Even if we did not dismiss Appellant's appeal, his claims would merit no relief, as the record reveals no abuse of discretion by the trial court in granting Wife's request for attorney's fees. *See Gilmore by Gilmore v. Dondero*, 582 A.2d 1106, 1109 (Pa.Super. 1990) (explaining that court's award of counsel fees will be overturned only if court abused its discretion and there is plain error, *i.e.* "where the award is based either on factual findings for which there is no evidentiary support or on legal factors other than those that are relevant to such an award").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/1/2021