J-A13041-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MICHELLE BURKARD | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ANGEL ROLON | : | |
| | : | |
| Appellant | : | No. 68 EDA 2022 |

Appeal from the Order Entered November 15, 2021
In the Court of Common Pleas of Lehigh County
Civil Division at No(s): 2018-FC-0847

BEFORE: OLSON, J., DUBOW, J., and KING, J.

JUDGMENT ORDER BY KING, J.: **FILED JULY 07, 2022**

Appellant, Angel Rolon ("Father"), appeals *pro se* from the order entered in the Lehigh County Court of Common Pleas, which denied his petition to modify custody. As Father has waived all issues on appeal, we affirm.

The relevant facts and procedural history of this case are as follows. Father and Appellee Michelle Burkard ("Mother") are the parents of two minor children, Gr.R (born in July 2006) and Ga.R. (born in February 2011). As it pertains to this appeal, on June 22, 2021, Father filed a notice of proposed relocation seeking to move from Pennsylvania to Delaware. Mother filed a counter-affidavit on July 1, 2021. At the time of trial, Mother stated she had no opposition to Father's relocation, so the court marked the relocation issue "resolved." The parties disputed, however, the custody exchange point because Father sought to move the exchange point closer to his new residence

in Delaware. On November 15, 2021, the court denied Father's request to modify the custody exchange point. In doing so, the court noted: "We find that Father decided to move to Delaware for his own reasons none of which were due to anything Mother did and which appear to be at least that he benefits from more favorable tax laws there." (Order, 11/15/21, at n.1). The court also expressly stated that it found Mother's trial testimony credible and Father's testimony incredible. (*See id.*)

On December 10, 2021, Father timely filed a notice of appeal. Nevertheless, Father failed to file a concise statement of errors complained of on appeal contemporaneously with his notice of appeal, as required by Pa.R.A.P. 1925(a)(2)(i) (stating that in children's fast track cases, concise statement shall be filed **with** notice of appeal). On January 19, 2022, this Court directed Father by *per curiam* order to file his concise statement no later than January 31, 2022. Father complied on January 29, 2022.

Father raises the following issues on appeal:

> If [the trial court] supplied the correct evidence for the Petition For Modification Of A Custody Order filed by [Father] on May 25, 2021; the Notice of Proposed Relocation filed by Father on June 22, 2021; for the trial held on November 12, 2021.
>
> [F]ather respectfully requests the Superior Court review if [the trial court] violated the Code of Conduct for Judicial Judges (Canon 1, Canon 2) by having a predetermined outcome for the trial before evidence was supplied by stating "Okay. If that's the case, would you like to know what I think before I even hear your evidence?"
>
> If [the trial court] Abused [its] discretion by acting on behalf

[of] Attorney Williams (acted partial to Mother) by resuming cross examination, after cross examination by Attorney Williams concluded.  Specifically, as [the trial court's] line of questioning and Father's answers were part of his ruling.

If [the trial court] engineered or manufactured part of [its] conclusion by asking Father regarding his move to Delaware.

If the summation or in part, the actions of [the trial court] to ignore the evidence supplied by [Father], discuss in open court a predetermined outcome to trial, extend cross examination which favored [Mother], and to rule in favor of [Mother]; amounts to an abuse of discretion, specifically, if the [judgment] made by [the trial court] was based on bias, ill will, prejudice, or reflect[ed] partiality to [Mother].

(Father's Brief at 8-9).

Preliminarily, we recognize:

[A]ppellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure.  Pa.R.A.P. 2101.  …  Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant.  To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

*In re Ullman*, 995 A.2d 1207, 1211-12 (Pa.Super. 2010), *appeal denied*, 610 Pa. 600, 20 A.3d 489 (2011) (some internal citations omitted).

Instantly, notwithstanding Father's presentation of five issues in his statement of questions presented, Father provides only a single one-paragraph argument section for all claims.  More importantly, Father cites **no law** whatsoever to support any of his issues on appeal.  **See** Pa.R.A.P. 2119(a) (stating argument shall be divided into as many sections as there are

- 3 -

questions presented, followed by discussion with citation to relevant legal authority). Father's failure to provide meaningful argument on appeal with citation to relevant authority constitutes waiver of all issues on appeal. ***See R.L.P. v. R.F.M.***, 110 A.3d 201 (Pa.Super. 2015) (holding mother waived claims on appeal where she failed to cite relevant legal authority in support of those issues). Accordingly, we affirm.

Order affirmed.


*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date:* *7/7/2022*