J-S08016-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| IN RE: E.G., AN INCAPACITATED PERSON | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: I.G. | : | |
| | : | No. 1135 MDA 2022 |

Appeal from the Order Entered July 20, 2022
In the Court of Common Pleas of Lancaster County Orphans' Court at
No(s):  1999-00311 1\2

BEFORE:   OLSON, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY McCAFFERY, J.:              **FILED: SEPTEMBER 27, 2023**

I.G. (Appellant), daughter of E.G. (Decedent), the incapacitated person, appeals, *pro se*, from the July 20, 2022, order entered in the Lancaster County Court of Common Pleas, Orphans' Court, confirming the Adjudication of the Accounting filed on behalf of the estate of Decedent (Estate).[1]  Appellant also purports to appeal from the court's August 1, 2012, order denying her exceptions to the June 29, 2012, Adjudication of the Estate.  Based on the following, we affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] This order is appealable as of right per Pa.R.A.P. 342(a)(1).

Decedent was married but her husband passed away in 1977. Together, they had Appellant and four other children. Two of the siblings "helped manage . . . Decedent's assets but . . . the sole responsibility of managing the assets fell to [Appellant] in . . . 1983 or 1984 when . . . Decedent's agent under power of attorney was switched to [Appellant]." Adjudication, 7/20/22, at 7-8. As of February 2000, "Decedent owned six parcels of real property, consisting of five rental properties in Lancaster City and an undivided one-third interest in a commercial property in New Jersey." *Id.* at 8. Decedent's will, which was executed while Appellant was serving as her power of attorney, left the entire estate to Appellant. *See id.* at 9-10.

The case has a protracted procedural history, which the orphans' court summarized as follows:

> On February 16, 2000, [Decedent] was declared a totally incapacitated person at Lancaster County docket 311 1/2 of 1999, but the determination was made that she was only in need of a guardian of the estate. Ephrata National Bank [(ENB)] was appointed as the guardian of the estate of [Decedent]. The power of attorney granted to [Appellant,] was revoked [at this time].

> On August 9, 2002, [ENB] filed the annual report as guardian of the estate. On August 21, 2002, [Appellant] filed written objections to [the] accounting of [ENB]. The court appointed a master to conduct an investigation. The master's report was filed on March 27, 2003.

> On May 1, 2003, [ENB] filed a first and partial account. This account was called for audit on June 3, 2003. On June 2, 2003, [Appellant] filed objections to the "Final Report[". These] objections were also signed by [Decedent]. Counsel was appointed to represent [Decedent] during these proceedings. Hearings were held on the objections and an adjudication was entered by the [orphans'] court on July 15, 2004.

On April 21, 2008, [Appellant], through Andrew H. Shaw, Esquire, filed a petition for citation to compel account. On August 6, 2008, [ENB] filed a second account. On September 15, 2008, [Appellant], also through Attorney Shaw, filed objections to the second account.

[In late 2009, several orders were entered approving the sale of several of Decedent's properties, including one sale to Appellant.]

After lengthy discovery and subsequent hearings, an adjudication was entered by the court on June 29, 2012[, which confirmed the August 2008 account]. A notice of appeal was filed by Scott Alan Mitchell, Esquire, on behalf of [Appellant], to the June 20, 2012, adjudication as Attorney Shaw no longer represented [Appellant]. The adjudication of the [orphans'] court was affirmed by the Superior Court on August 13, 2013. [*See In re: E.G., an Incapacitated Person*, 1564 MDA 2012 (unpub. memo.) (Pa. Super. Aug. 13, 2013).[2]]

[Decedent] died on December 4, 2014.

On February 9, 2015, [Appellant] was granted Letters Testamentary in the estate of [Decedent]. No attorney has entered an appearance for [Appellant] in her role as Executrix of Decedent's estate. [Appellant], as Executrix, has represented herself throughout the estate proceeding.

On April 27, 2015, [ENB] filed its final account as guardian of the estate of [Decedent], docketed to the incapacity file. This was filed as a formal account and listed for call of the audit on June 2, 2015. The accounting period in this account ran from July 23, 2008, through December 4, 2014.

[O]n October 6, 2015, [Appellant], through Jeffrey Goss, Esquire, filed objections to the final account. The parties engaged

_____

[2] It merits mention that this panel recently issued a decision involving Appellant and Attorney Shaw, which concerned a legal malpractice dispute. *See Grivas v. Shaw*, 1207 MDA 2022 (unpub. memo.) (Pa. Super. Aug. 25, 2023). The unpublished memorandum was prepared by this same author.

in a period of discovery. On April 6, 2017, the [orphans'] court granted the petition of [Attorney Goss] to withdraw as counsel and directed [Appellant] to complete discovery by June 23, 2017.

[Appellant] represented herself for a period of time after Attorney Goss's withdrawal. On June 19, 2017, in the incapacity matter, [Appellant], acting *pro se*, filed a motion to compel and extend discovery. On June 27, 2017, [Appellant] filed an amended motion to compel and extend discovery. A hearing on the discovery motion was scheduled for August 30, 2017.

On August 28, 2017, Attorney Michael E. McHale entered his appearance on behalf of [Appellant] in the incapacity matter. Attorney McHale filed a motion to continue the discovery hearing, which was granted. . . .

At the [rescheduled] October 27, 2017, hearing, counsel for [ENB] and Attorney McHale, on behalf of his client, entered a stipulation of facts for the evidentiary hearing, which included, in part, averments that [ENB] was responsible for the maintenance of the properties [owned] by [Decedent], that the bank had hired Trinity Management Associates to perform maintenance and repairs of the properties, that the bank had not destroyed any "invoices, letters, statements, checks and other written documentation" received from Trinity Property Management and that "[a]t the present time, [ENB] ha[d] provided [Appellant] with any and all documents from Trinity Management Associates . . . in its possession, custody or control." The hearing was concluded after the entry of the stipulated facts and the matter was resolved according to the representations of counsel.

On November 13, 2017, [17] days after the conclusion of the discovery hearing held in the incapacity matter, [Appellant] filed a motion in the estate matter, *pro se*, to "remove guardian of the estate, surcharge [ENB] for fiduciary fees, impose punitive and compensatory damages for failure to release funds and privileged material on the estate of [Decedent]." On December 4, 2017, [ENB] filed an Answer . . . and attached thereto the stipulated facts executed by [the parties] in the incapacity matter.

On April 19, 2018, Attorney McHale filed "Additional Objections to the Final Account of [ENB], Guardian of the Estate of [Decedent]." On April 20, 2018, Attorney McHale filed "Amended Additional Objections to the Final Account of [ENB],

Guardian of the Estate of [Decedent]." On June 28, 2018, Attorney McHale filed "Second Amended Additional Objections to the Final Account of [ENB], Guardian of the Estate of [Decedent]."

On October 25, 2018, Attorney Nathan Volpi entered his appearance as co-counsel (with Attorney McHale) for [Appellant]. A hearing on the Objections was set for March 11 and 12, 2019. These hearings were continued to April 8 and 9, 2019. On April 3, 2019, Attorney Volpi filed a Motion to Withdraw as Counsel. [T]he [orphans' c]ourt entered an Order giving Attorney Volpi leave to withdraw and continuing the hearing [on] April 9, 2019.

On September 23, 2019, the [orphans' c]ourt granted the request of Attorney McHale for further limited discovery.

Attorney McHale's representation of [Appellant] was cut short due to the suspension of his license to practice law by the Disciplinary Board of the Supreme Court of Pennsylvania. [Appellant] represented herself until she obtained new counsel.

On December 17, 2019, Attorney James D. Wolman entered his appearance on behalf of [Appellant]. Attorney Wolman remain[ed Appellant]'s legal counsel [for the remainder of the proceedings].

Initially, a hearing was set for May 13, 2020, but this hearing was transformed into a status conference by Court Order dated May 6, 2020.

Hearings on the Objections were held on February 16, February 17, February 19, and July 26, 2021.

On April 5, 2021, Attorney Wolman filed a Petition of [Appellant] versus [ENB] for Non-Compliance with Discovery Orders and Failure to Produce Documents and Things (hereinafter the "Petition for Non-Compliance with Discovery Orders"). A hearing on the Motion for Sanctions was held on September 17, 2021.

Adjudication at 1-7 (record citations omitted; some paragraph breaks added).

On July 20, 2022, the orphans' court issued its Adjudication, which confirmed ENB's 2015 Final Account of the Estate, adjusted the balance set

forth on the Account, and denied Appellant's motion for sanctions. *See* Adjudication at 88. The Adjudication resulted in two surcharges against ENB, which amounted to $235.00, and two credits to ENB — $53,730.25 in attorney fees, and $1,675.78 for reasonable management fees. *See id.* at 78, 81, 89. The Adjudication spanned a total of 92 pages in length and comprehensively discussed each of Appellants' objections to the 2015 Final Account.

On August 12, 2022, Appellant filed a *pro se* notice of appeal while still being represented by Attorney Wolman. On August 15, 2022, the orphans' court entered an order directing Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. To avoid hybrid representation, the court also directed Attorney Wolman to file a *praecipe* to withdraw his appearance as counsel or, in the alternative, inform the court of his intent to handle the appeal within seven days after the entry of the order.[3] Attorney Wolman failed to take any action.

During this time, on August 26, 2022, Appellant file a *pro se* motion for a 30-day extension to file a concise statement.

On August 29, 2022, following no action by Attorney Wolman, the orphans' court issued an order which required Appellant's motion for an extension of time be referred to Attorney Wolman as counsel of record.

_____

[3] *See Commonwealth v. Ali*, 10 A.3d 282 (Pa. 2010) (explaining that hybrid representation is impermissible).

Thereafter, Appellant filed an "Application to Proceed *Pro Se*" on September 15, 2022. Four days later, Attorney Wolman withdrew his appearance.

On September 22, 2022, the orphans' court entered an order, which: (1) found Appellant became *pro se* of record; (2) granted her request for an extension of time; and (3) ordered the concise statement be submitted to the orphans' court and served upon ENB in accordance with Pa.R.A.P. 1925(b)(1). ***See*** Order, 9/23/22, at 2.

Appellant filed a Rule 1925(b) statement on October 6, 2022, which identified a myriad of issues as follows:

> a. The court committed an error of the law and abuse of discretion in overruling all the objections to the account that completely went against the voluminous weight of the evidence and ignor[ed] the expert forensic testimony and reports on all issues including anomalies, loss of untimely sales on real estate, expenditures, accountings, reporting, income, social security, unpaid loans, e-trade, tax returns, capital gains, double dipping, overcharges, investments, rents, [New Jersey] and Greece assets, guardianship fees, commissions, bankrupt Trinity management, fabricated invoices from convicted felon contractors, lack of permits, cancelled checks and more.
>
> b. The court committed an error of the law by failing to recognize attorney James D. Wolman firing from the case for his impediment and incompetence in refusing to undertake appropriate corrective actions.
>
> c. The court committed an error of law for a mistrial in failing to recognize [Appellant]'s pro se filings before and after the dismissal/firing of attorney James D. Wolman [regarding] abandonment and sabotage efforts to guise the motion in quashing the 2012 Adjudication for improper *ex parte* communications and conflicts of interest to cover up fraud, perjury, conspiracy, collusion, and racketeering to deplete the estate.

- 7 -

d. The court committed an error of law by ignoring [ENB]'s breach of fiduciary duties and failures in obeyance of the law. Lacking transparency and honesty on all objections. Form of accounting, annual reporting, inaccurate annual income tax returns, expending principal without court approval including caregiving, nursing homes, attorney fees, and rental property expenditures, permits, leases, contracts, invoices, cancelled checks and more through out the entire [14] year duration of the abusive guardianship racket and beyond.

e. The court committed an error of law by ignoring [Appellant]'s motion for releasing funds and unlawful monthly fees that result in additional penalties on the inheritance taxes which also prevented the estate from being administered for almost [8] years without cause long after the guardianship ended.

f. The court committed an error law by ignoring [ENB]'s breach of fiduciary duties in safe guarding [New Jersey] and Greece assets, collecting unpaid loans, collecting unauthorized [e-]trade transactions, filing timely annual accounts with the court, preventing real estate fire sales, failure in reducing capital gains tax, utility shut offs, Greek safe deposit box, Greek bank account, personal property, excessive guardianship fees, commissions, unauthorized monthly maintenance fees, hiring third party bankrupt management with convicted felon contractors without permits, loss of [New Jersey] real estate, rents, equipment, [New Jersey] tax lien payments and other rental property expenditures including 13 Mary Street and more without value nor court approval in expending principal.

g. The court committed an error of law on [ENB]'s non[-]compliance with discovery orders, subpoenas and failures to produce documents and other things[, i]ncluding the court's error in ignoring the rebuked stipulation entered fraudulently without [Appellant]'s approval, knowledge, or authorization.

h. The court committed an error on opposition of Calli Glass[, Appellant's sibling,] and [ENB]'s attorney fees for disservices and without court approval to expend principal.

i. The court committed an error of law by not surcharging and ignoring [Appellant]'s legal attorney fees, costs, forensic costs and other fees with interest related to deciphering [ENB]'s deceptive and honest services fraud to the estate.

j. The court committed an error in failing to surcharge [ENB] for punitive and compensatory damages on all their failures and complete disobedience of the law throughout the entire [14 year] guardianship and beyond. And further guising the unethical activities by colluding with opposing counsel with a fraudulent unauthorized stipulation in efforts to cover up conspiracy and theft by deception on fabricated invoices, statements, ledgers, letters and more[, i]ncluding omitting and altering discovery requests.

Appellant's Strict Twelve (12) Day Required R.A.P. 1925(b) Statement, 10/6/22, at 1-2 (unpaginated; some capitalization omitted).

Meanwhile, on September 15, 2022, Appellant also filed an application to proceed *pro se* with this Court, which was granted on October 11, 2022. That same day, the orphans' court issued its opinion *sur* appeal pursuant to Pa.R.A.P. 1925(a). The orphans' court incorporated its findings from its July 20, 2022, adjudication in its opinion. **See** Opinion *Sur* Appeal, 10/11/22, at 3. The matter is now properly before us.[4]

Appellant now raises the following two issues on appeal:

A. Whether there was an event during the trial that constitutes a mistake and which led to substantial and irreparable prejudice to [A]ppellant warranting a reversal and a remand of the case[?]

B. Whether the [orphans'] court fell short of the standards of appellate review, to consider the merits of the dispute at issue, when it in summarily affirmed the Adjudication of July 20, 2022 and labeled [A]ppellant's objection to adjudication a "relitigation of issues" and consequently threw out [A]ppellant's objection based on reasons provided in the said Adjudication.

---

[4] Following her notice of appeal, Appellant filed a motion to incorporate her *pro se* filings as part of the orphans' court record. By *per curiam* order, this Court denied her application on February 21, 2023.

Appellant's Brief at 6.

Preliminary, we observe the following:

> Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent [herself] in a legal proceeding must, to a reasonable extent, assume that [her] lack of expertise and legal training will be [her] undoing.

*In re Ullman*, 995 A.2d 1207, 1211-12 (Pa. Super. 2010) (citations omitted).

Our standard of review in this matter is as follows:

> When reviewing a decree entered by the Orphans' Court, this Court must determine whether the record is free from legal error and the court's factual findings are supported by the evidence. Because the Orphans' Court sits as the fact-finder, it determines the credibility of the witnesses and, on review, we will not reverse its credibility determinations absent an abuse of that discretion.

> However, we are not constrained to give the same deference to any resulting legal conclusions.

> The Orphans' Court decision will not be reversed unless there has been an abuse of discretion or a fundamental error in applying the correct principles of law.

> This Court's standard of review of questions of law is *de novo*, and the scope of review is plenary, as we may review the entire record in making our determination. When we review questions of law, our standard of review is limited to determining whether the trial court committed an error of law.

*In re Fiedler*, 132 A.3d 1010, 1018 (Pa. Super. 2016) (*en banc*) (citations & quotation marks omitted).

In Appellant's first issue, she claims "there were mistakes during the [August 1, 2012,] Adjudication process in terms of *inter partes* communication

- 10 -

that contravenes the principle of due notice." Appellant's Brief at 10. She alleges "the discovery process unearthed significant events that must be taken into account[,]" which included ENB purportedly concealing "certain information . . . through redaction of undated internal minutes which were only revealed recently through [the] discovery process in the final accounting." *Id.* Appellant states ENB withheld this "non-privileged information" from the orphans' court and her during trial. *Id.* Appellant contends:

> The two mistakes pointed out led to significant prejudice to [her] case during [the August 1, 2012,] Adjudication. In this regard, there occurred an error during [the] hearing of the Exceptions to ENB's account, a legal defect in the court proceedings, and conduct outside the courtroom that resulted in substantial and irreparable prejudice to . . . Appellant.

*Id.* at 11 (citations omitted).

Appellant's claim fails for several reasons. First, Appellant never specifies when the "discovery process" occurred or what "information" ENB failed to turn over to her and the orphans' court as a result — she merely alludes to "mistakes" with no further explanation and alleges she was prejudiced with regard to the 2012 Adjudication as a result of these "mistakes." **See** Appellant's Brief at 10. She also fails to cite any point in the certified record in support of her claim. Thus, her claim amounts to a vague and undeveloped argument. We note:

> [W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim

- 11 -

is waived. It is not the obligation of [an appellate court . . . ] to formulate [a]ppellant's arguments for [her].

**Wirth v. Commonwealth**, 95 A.3d 822, 837 (Pa. 2014) (citation & quotation marks omitted). Accordingly, we find this issue is waived.

Moreover, assuming *arguendo* Appellant had properly preserved this claim, we would conclude she was not entitled to any relief as the doctrine of *res judicata* would apply.

The doctrine of *res judicata* "holds that a final judgment on the merits by a court of competent jurisdiction will bar any future action on the same cause of action between the parties and their privies." **Khalil v. Travelers Indemnity Co. of America**, 273 A.3d 1211, 1223 (Pa. Super. 2022), *appeal denied*, 288 A.3d 487 (Pa. 2022). *Res judicata* "prohibits parties involved in prior, concluded litigation from subsequently asserting claims in a later action that were raised, or could have been raised, in the previous adjudication." **Id.**

The crux of Appellant's claim appears to be an attack on the validity of the 2012 Adjudication. As the orphans' court correctly points out: "Appellant mistakenly continues to believe that she is entitled to re-litigate every issue which may have arisen since [the] declaration of [Decedent]'s incapacity in 2000 and the appointment of [ENB] as her guardian." Opinion *Sur* Appeal, 10/11/22, at 5.[5]

_____

[5] Additionally, in the July 20, 2022, Adjudication, the orphans' court observed the following:
*(Footnote Continued Next Page)*

We note that Appellant essentially asks us to revisit the orphans' court 2012 Adjudication, which she had already challenged, and which this Court affirmed in August of 2013. ***See In re: E.G.***, 1564 MDA 2012. Based on the argument Appellant has presented to us, she could have raised this "mistake" issue in the previous litigation. ***See Khalil***, 273 A.3d at 1223. We decline to reopen the 2012 Adjudication. Accordingly, we need not address this argument further.

In her second argument, Appellant contends that the orphans' court opinion *sur* appeal "fell short of [a]ppellate review standards because the [o]rphans' court failed to consider the merits of the dispute at issue, but instead summarily affirmed the [July 20, 2022,] Adjudication." Appellant's Brief at 12. Specifically, she claims:

> [T]he [o]rphans' [c]ourt should have applied the merits of the [e]xception to ENB's Account and applied legal analysis, application of law to resolve it. Instead, the [o]rphans' [c]ourt summarily described her call to ENB Account on June 2, 2015 and subsequent [e]xception to the said Account as an attempt at re-litigation of issues. This was a fresh call to [the A]ccount.

---

> [Appellant]'s bitterness at being removed as the sole person in control of her mother's assets has been played across this docket for over 14 years and was readily apparent in her testimony and filings. [Appellant] has hurled allegations of fraud, perjury, backroom dealings, and miscarriages of justice but has failed to prove any of these accusations time and time again. She plays the victim when it suits her or she asserts victim status on behalf of . . . Decedent.

Adjudication, 7/20/22, at 82.

- 13 -

> Accordingly, such a capricious disregard arises if a court fails to indicate that [it] has examined the countervailing substantive (Appellant's) testimony that had to be considered at arriving at its decision without due regard that this would result in a reversal. It is also referred to as [an] abuse of discretion.
>
> Further to the preceding, . . . Appellant argues that findings of fact and conclusions of law with regard to the [o]pinion *sur* appeal lacked substantial evidentiary backing.

Appellant's Brief at 12-13 (citations omitted).

A review of the July 20, 2022, Adjudication and the opinion *sur* appeal contradict Appellant's suggestion that the orphans' court failed to consider the merits of the dispute at issue. As mentioned above, the court's adjudication was 92 pages in length and the court addressed all of Appellant's objections to ENB's 2015 Final Account with sufficient consideration.[6] **See** Adjudication at 10-84. Appellant does not identify which determination, as to her numerous objections, with which she takes issue. She also continues to ignore the fact that some of her objections were deemed abandoned, while others were found to be waived because she should have raised those issues at the time of the 2012 Adjudication. **See Khalil**, 273 A.3d at 1223. Appellant fails to provide any evidence to support her vague, bald assertions. Moreover, to

_____

[6] Moreover, it merits mention that the orphans' court conducted a hearing on Appellant's objections that spanned four days. Additionally, the court determined Decedent's Estate was entitled to a surcharge of $235 because it found two instances of "questionable billing" by ENB, "in the scope of its activities as guardian, [but] these errors [were] *de minimis*." **See** Adjudication, 7/20/22, at 83-84.

the extent she argues the court ignored her testimony, a review of the record reveals the court considered her testimony but did not find her credible. ***See i.e.***, Adjudication, 7/20/22, at 82. Accordingly, she has failed to demonstrate the court committed "an abuse of discretion or a fundamental error in applying the correct principles of law." ***In re Fiedler***, 132 A.3d at 1018. Therefore, Appellant's second argument fails.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/27/2023