J-S37038-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: OTHER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: AISHA BRADLEY | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 583 EDA 2023 |

Appeal from the Order Entered January 25, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at CP-51-MD-0003368-2021

MEMORANDUM PER CURIAM:                          **FILED NOVEMBER 21, 2023**

Aisha Bradley (Appellant) appeals *pro se* from the order denying her petition to refer private criminal complaint to a special investigations panel or, in the alternative, ask for intervention by the Pennsylvania Attorney General. We affirm.

This case originated when Appellant filed a private criminal complaint concerning real property owned by Patricia Simon, her 70-year-old friend. Appellant alleged she had been appointed as Ms. Simon's agent pursuant to a power of attorney (POA). As this Court previously described,

> [r]ather than follow the normal channels for filing her complaint with the [district attorney (]DA[)] in person, [Appellant] was asked to submit hers by e-mail, as the assistant district attorney who spoke with [Appellant] … over the telephone found her "extremely difficult to deal with" and did not wish "to submit [the DA's] intake workers to what [he] was experiencing," which he described as "bullying to an unprofessional degree." N.T. Hearing, 12/7/21, at 42-43. The trial court described [Appellant's] efforts as "over the top and well beyond just communicating and

exercising your right as a citizen to hold elected officials and public servants accountable." *Id.* at 48….

*In re Other*, 293 A.3d 647 (Pa. Super. 2023) (unpublished memorandum at 1-2 n.1). The Philadelphia District Attorney refused to prosecute the private criminal complaint for the following reasons:

> Prosecutorial discretion. Judicial economy. Intent on behalf of the accused parties unclear. Matters not appropriate for a private criminal complaint. Complainant advised to seek remedy in civil court.

*Id.* (unpublished memorandum at 3).

Appellant unsuccessfully appealed the disapproval of the private criminal complaint to the Philadelphia Municipal Court. Thereafter, Appellant appealed to the trial court. At a December 7, 2021, hearing, the trial court directed Appellant to produce the POA authorizing her to proceed on behalf of Ms. Simon. N.T., 12/7/21, at 13-14. The next day, Appellant produced a 10-page document which lacked an original signature and was otherwise defective. N.T., 12/8/21, at 5. Accordingly, the trial court dismissed Appellant's appeal for lack of standing. *Id.* Thus began Appellant's odyssey of filings and appeals.

**Appeal at 393 EDA 2022**

Appellant appealed the trial court's order at docket number 393 EDA 2022 (No. 393). The trial court directed Appellant to file a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal. Appellant responded

by filing numerous documents, prompting the trial court to issue the following order:

> [I]t is hereby ORDERED that the Appellant[] is not permitted to send any further emails, or other written communications of any kind directly to the undersigned judge or her judicial staff related to the above-captioned matter.
>
> It is hereby further ORDERED that Appellant[] is not permitted to make any further phone calls directly to the undersigned judge's chambers or her judicial staff related to the above-captioned matter.
>
> It is hereby further ORDERED that Appellant[] shall limit her communications to the undersigned judge, or her judicial staff to the filing of pleadings related to the orders issued by the court pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure.

Trial Court Order, 3/17/22 (capitalization modified).

Appellant filed her concise statement on March 23, 2022. Although Appellant claimed she was hindered by the lack of recordings of the hearings, she filed a 172-paragraph statement spanning 300 pages. *In re Other* (No. 393) (unpublished memorandum at 5). The trial court filed a Pa.R.A.P. 1925(a) opinion (1) deeming Appellant's claims waived for failure to comply with its order requiring a *concise* statement; and (2) concluding Appellant lacked standing to appeal. Trial Court Opinion, 5/6/22, at 4-6.

On appeal, Appellant "continued in the same vein, filing more than thirty applications, all of which were denied." *In re Other* (No. 393) (unpublished memorandum at 6). On May 18, 2023, this Court entered an order prohibiting Appellant from further frivolous filings and attempts to personally contact

members of the judicial panel. Order, 393 EDA 2022 (Pa. Super. May 15, 2023). We ultimately dismissed the appeal, reasoning that Appellant

> declined to file (1) a concise statement of errors complained of on appeal, instead overwhelming the trial court with an unduly lengthy and repetitive statement replete with extraneous information; and (2) an appellate brief that conforms with Rules 2119 and 2135(a)(1), instead providing a mere fourteen pages of argument for more than one hundred questions stated over fifty-two pages, without indicating which questions are encompassed by which portions of the argument. These rules violations have hampered our ability to conduct meaningful review of the substance of this appeal ….

*In re Other* (No. 393) (unpublished memorandum at 9). This Court denied Appellant's reargument petition on May 9, 2023.

**Appeal at 2100 EDA 2022**

In the interim, on March 11, 2022, Appellant requested audio recordings of the notes of testimony from the trial court's December 7-8, 2022, hearings. The trial court denied the motion on the basis that Appellant had received transcripts of the hearings. Trial Court Order, 3/17/22. On June 29, 2022, Appellant filed a motion for extraordinary relief, repeating her request for audio recordings. The trial court denied the motion without prejudice. Trial Court Order, 7/8/22. Appellant appealed from the trial court's order denying her motion for extraordinary relief at No. 2100 EDA 2022 (No. 2100).

This Court dismissed Appellant's appeal at No. 2100 for the following reasons:

> Appellant filed the underlying motion for audio recordings, as well as her response to this Court's Rule to show cause order, while her prior appeal [at 393 EDA 2022] was pending. That appeal

- 4 -

concluded, however, when the prior panel dismissed her appeal and, on May 9, 2023, denied her petition for reargument. Accordingly, the trial court's dismissal of Appellant's appeal from the Municipal Court has not been disturbed. **In other words, there is no currently open matter at this trial court docket**.

… Furthermore, we emphasize the trial court found Appellant lacked standing to bring the private criminal complaint — and this conclusion has likewise not been disturbed. Accordingly, we dismiss the appeal.

*In re Other*, No. 2100 EDA 2022[1] (Pa. Super. filed 6/22/23) (unpublished memorandum at 7-8) (emphasis added).

## Appellant's Current Appeal at 583 EDA 2023

On January 17, 2023, while Appellant's appeal at No. 2100 was pending, Appellant filed in the trial court a "Petition for Specialized Review." Appellant asked that "a Special Investigative Counsel" review the prosecutor's decision to deny her private criminal complaint. Petition, 1/17/23, at 1. Appellant further asked the trial court to request the intervention of the state attorney general. *Id.* On January 25, 2023, the trial court issued the following order:

[U]pon consideration of [Appellant's] Petition …, and any response thereto, it is hereby **ORDERED** and **DECREED** that the Petition is **DENIED**, in that this matter is on appeal with the Superior Court.

Trial Court Order, 1/25/23 (emphasis in original). Appellant timely appealed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

---

[1] 2023 Pa. Super. Unpub. LEXIS 1552, 2023 WL 4115890.

In her statement of questions involved, Appellant presents 12 issues. Issues 1 through 4 challenge the trial court's refusal to grant her motion to appoint a special counsel or request the intervention of the state attorney general. Appellant's Brief at 22. Issues 5 through 12 challenge this Court's refusal to transfer the matter to the Pennsylvania Supreme Court. *Id.* at 23.

The argument section of Appellant's brief fails to comport with our Rules of Appellate Procedure. *See Commonwealth v. Blakeney*, 108 A.3d 739, 766 (Pa. 2014) ("Although the courts may liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon a litigant, and a court cannot be expected to become a litigant's counsel"). While Appellant identifies 12 issues, *see id.* at 22-23, her argument is not "divided into as many parts as there are questions to be argued[.]" Pa.R.A.P. 2119(a). Instead, Appellant's argument spans 11 pages, and lacks headings "at the head of each part[.]" *Id.*; *see* Appellant's Brief at 63-74.

Appellant challenges the trial court's legal conclusion that it lacked authority to appoint a special counsel or seek the attorney general's intervention while the appeal at No. 393 was pending. Appellant's Brief at 63. As with all questions of law, our standard of review is *de novo* and our scope of review is plenary. *In re Ullman*, 995 A.2d 1207, 1213 (Pa. Super. 2010) (citation omitted).

Our review confirms that Appellant filed her petition for appointment/intervention while her appeal at No. 393 was pending.

Pennsylvania Rule of Appellate Procedure 1701 provides, "after an appeal is taken …, the trial court … may no longer proceed further in the matter." Pa.R.A.P. 1701(a). Rule 1701 authorizes certain trial court actions while an appeal is pending:

> **(b) Authority of a trial court or other government unit after appeal.--** After an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may:
>
> **(1)** Take such action as may be necessary to preserve the *status quo*, correct formal errors in papers relating to the matter, cause the record to be transcribed, approved, filed, and transmitted, grant leave to appeal *in forma pauperis*, grant *supersedeas*, and take other action permitted or required by these rules or otherwise ancillary to the appeal or petition for review proceeding.
>
> **(2)** Enforce any order entered in the matter, unless the effect of the order has been superseded as prescribed in this chapter.
>
> **(3)** Grant reconsideration of the order which is the subject of the appeal or petition, ….
>
> **(4)** Authorize the taking of depositions or the preservation of testimony where required in the interest of justice.
>
> **(5)** Take any action directed or authorized by an appellate court.
>
> **(6)** Proceed further in any matter in which a non-appealable interlocutory order has been entered, notwithstanding the filing of a notice of appeal or a petition for review of the order.
>
> **(c) Limited to matters in dispute.--** Where only a particular item, claim, or assessment adjudged in the matter is involved in an appeal, … the appeal or petition for review proceeding shall operate to prevent the trial court or other government unit from proceeding further with only such item, claim, or assessment, unless otherwise ordered by the trial court or other government unit or by the appellate court or a judge thereof as necessary to preserve the rights of the appellant.

Pa.R.A.P. 1701(b), (c).

In her petition, Appellant asked the trial court to appoint a special counsel or seek the attorney general's review of the disapproval of her private criminal complaint. Because Appellant's pending appeal at No. 393 sought review of the same matter, Rule 1701 precluded further action by the trial court. **See** Pa.R.A.P. 1701(a). The trial court correctly explained,

> [a]fter an appeal is taken, the authority of the Common Pleas Court to take further action is limited. Pa.R.A.P. 1701. Here, [the trial court] entered a final order on December 8, 2021, denying the approval of the Private Criminal Complaint, which [Appellant] appealed to the Superior Court. The relief requested by [Appellant's] motion to the president judge refers to alleged relief under two statutes that cannot circumvent nor interfere with the jurisdiction of the Superior Court while the appeal from the [trial court's] [o]rder [was] still pending … because the relief requested is not one of the limited actions permitted by Pa.R.A.P. 1701(b), so the motion was denied.

Trial Court Opinion, 6/9/23, at 2. We agree with the trial court's sound reasoning and discern no error in its application of Rule 1701.

Appellant also claims this Court should transfer her appeal to the Pennsylvania Supreme Court. Appellant's Brief at 63. Appellant initially filed her appeal with the Supreme Court. **See Commonwealth of Pennsylvania, Appellee v. Aisha Bradley, Appellant**, 78 ET 2023 (Pa.). On March 9, 2023, at 78 ET 2023, the Supreme Court transferred the appeal to this Court. The Supreme Court has determined that this Court has jurisdiction. Accordingly, Appellant's claim lack merit.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>11/21/2023</u>